W. L. Cantrell and Samuel Castleberry, Appellants, v. City of Caruthersville, a Municipal Corporation, Respondent, No. 43366—255 S. W. (2d) 785.

Division One, February 9, 1953.

Motion for Rehearing or to Transfer to Banc Overruled, March 9, 1953.

*Von Mayes* and *Fred L. Henley* for appellants.

*Ward & Reeves* for respondent.

990

HYDE, P. J.—Appeal from order overruling motion to set aside judgment (and quash writ of restitution thereon) in the case of Cantrell v. City of Caruthersville, Mo. Sup., 249 S. W. (2d) 425. Appellants contend the judgment is void because they say that Honorable R. B. Oliver III, Judge of the 28th Judicial Circuit, was without jurisdiction to try said cause.

The record entry made by the regular Judge of the Circuit Court of Pemiscot County, 38th Judicial Circuit, was as follows:

"Hon. Louis H. Schult, the Judge of this Court, being disqualified to hear and determine the issues involved in this cause, it is therefore requested that Hon. R. B. Oliver, III Judge of the 28th Judicial Circuit, try the case, and the same is set for hearing before Judge R. B. Oliver III on Tuesday, February 22, 1951."

Appellants say: "The above entry states no disability or reason for disqualification as required by Section 478.060, R. S. 1949, and in the absence of the file papers or a record entry, showing such disability or reason for disqualification, a regular judge is without juris-

diction to name a special judge in a civil case or call in the judge of another circuit to hold a full or part term of his court.'' Appellants also question whether Sec. 15, Art. V, 1945 Constitution, is self-enforcing and seek to place such limitations upon it as were made by such cases as State ex rel. Dunlap v. Higbee, 328 Mo. 1066, 43 S. W. (2d) 825 (see also State ex rel. Kansas City Public Service Co. v. Waltner, 350 Mo. 1021, 169 S. W. (2d) 697) under provisions of the Constitution of 1875.

Appellants are wrong. Sec. 15, Art. ·V, means exactly what it says, namely: ''Any circuit judge may sit in any other circuit at the request of a judge thereof.'' The carefully considered purpose of this provision was to completely do away with the technical limitations stated in the cases cited under the 1875 Constitution. We hold this provision is self-enforcing and that Sec. 478.060 (adopted under the provisions of the 1875 Constitution) has nothing whatever to do with it. It makes no difference whether the request is to sit in one case or several cases or a whole term or a part of a term; or whether the regular judge of the circuit continues to hold court in the county. (See Supreme Court Rule 11.04.) Circuit judges are judges of the State of Missouri and not merely judges of the circuit in which they are elected or appointed. Of course, if a judge does not feel that he should select the judge to try a particular case, he may call upon the Supreme Court to transfer a judge under the authority of Sec. 6, Art. V of the Constitution; but that is a matter of judicial discretion and not of jurisdiction. Appellants never objected at any time to Judge Oliver trying the case. (See In re Liquidation of Brinkerhoff-Faris Trust and Savings Company (Winchell v. Gaskill) 356 Mo. 61, 201 S. W. (2d) 274 and cases cited.) We hold that the request of Judge [787] Schult herein as shown by the above record entry, was sufficient and that Judge Oliver had full authority and jurisdiction to try the case and render the judgment he did.

The judgment is affirmed. All concur.