**CANTRELL et al.**

v.

**CITY OF CARUTHERSVILLE et al.**

No. 43978.

Supreme Court of Missouri.
Division No. 1.

April 12, 1954.

Motion to Modify Opinion Denied
May 10, 1954.

Fred L. Henley, Von Mayes, Caruthersville, for appellants.

Ward & Reeves, Caruthersville, for respondent.

VAN OSDOL, Commissioner.

Action for a judgment declaring the rights, status and legal relations of the parties, Section 527.010 RSMo 1949, V.A.M.S., with respect to tracts of real estate in Caruthersville.

The trial court sustained the motion to abate plaintiffs' claim and to dismiss filed by defendant-respondent, City of Caruthersville. Defendants, The National Bank of Caruthersville and Chris Mehrle, did not appear. Defendant city's motion stated as grounds therefor, among others, that a former judgment, affirmed in Cantrell v. City of Caruthersville, Mo.Sup., 249 S.W.2d 425, bars the instant action; and that no adversary dispute or controversy was stated by plaintiffs calling for the relief of a declaratory judgment as between plaintiffs and defendants, Bank and Mehrle. The motion was supported by evidence consisting of the pleadings, the judgment of the trial court, and the judgment and mandate of this court upon appeal of the case of Cantrell v. City of Caruthersville, supra, and the motion, the order of the trial court overruling the motion, and the judgment and mandate of this court upon appeal of the case of Cantrell v. City of Caruthersville, 363 Mo. 988, 255 S.W.2d 785.

Plaintiffs appealed to the Springfield Court of Appeals and the Court of Appeals, having the view that the case involves title to real estate, transferred the case to this court for review.

Plaintiffs-appellants had alleged in their petition that they are the owners of a described tract of land in Caruthersville which has been declared to be a part of an alley in an action, Cantrell v. City of Caruthersville, supra, 249 S.W.2d 425, in which defendants herein, Bank and Mehrle, were not parties; that these defendants, last named, own lands north and south of and adjoining the described land owned by plaintiffs; that these defendants deny their lands are parts of a public alley and defendant city claims the same are parts of a public alley; and that, if the tracts belonging to defendants Bank and Mehrle are not parts of a public alley, then defendant city has "no right to control or regulate said tract of plaintiffs for alley purposes until said tracts of the defendants," Bank and Mehrle, are acquired for alley purposes.

At the outset it seems clear there was no statement of any adversary claim of plaintiffs as against defendants Bank and Mehrle invoking the relief of a declaratory judgment. The apparent theory of plaintiffs' petition is that the defendant city's easement over the described lands of plaintiffs is in abeyance and contingent and of no avail until defendant city establishes its right to an easement over the lands of the other defendants, Bank and Mehrle.

Now the judgment, affirmed in Cantrell v. City of Caruthersville, supra, 249 S.W.2d 425, was final and conclusive in determining the title of the city to an easement over the lands of plaintiffs. In that case the evidence was sufficient to establish defendant city's claim of title to an easement on the theory of a common-law dedication and on the theory of prescriptive user. It was furthermore made clear by this court, in affirming the trial court's judgment rendered in that case, that the trial court had properly granted full, adequate and complete relief as prayed by an adjudication of title to an easement, a possessory order, a mandatory order of removal of an obstruction, and a restraining order. And see again Cantrell v. City of Caruthersville, supra, 363 Mo. 988, 255 S.W.2d 785.

In the instant case, as stated, plaintiffs seek the relief of a judgment declaring the city may not avail itself of its easement and exercise its right to control or regulate the alley until the city is determined to have an easement in other lands belonging to defendants Bank and Mehrle. It seems to us that plaintiffs by the instant action are seeking to modify or vary and impair the effect of the city's conclusive muniment of title, that is, the final and conclusive judgment in favor of the city determining, inter alia, title to an easement. The judgment upon rendition in the title action indeed became defendant

city's *title* in the sense that it then became conclusive evidence of defendant city's right to an easement, title to which theretofore reposed in the evidence supporting common-law dedication and prescriptive user. Cantrell v. City of Caruthersville, 359 Mo. 282, 221 S.W.2d 471. And therefore a judgment in this action if granted, as plaintiffs pray, would qualify or operate upon defendant city's title. Now obviously, if defendant city's right to an easement was dependent upon city's acquisition of an easement over the lands of defendants Bank and Mehrle, plaintiffs could and should have raised the issue in the title action. In the interest of the State there should be an end to litigation arising out of the same subject matter, and it is to the interest of the individual litigant that he should not be vexed twice for the same cause. These are the dual grounds for the doctrine of *res judicata,* 50 C.J.S., Judgments, § 592, pp. 11–13; and it is furthermore the aim of the Civil Code of Missouri that all claims arising out of the same subject matter should be determined in one action. Cantrell v. City of Caruthersville, supra, 359 Mo. 282, 221 S.W.2d 471.

■ Inasmuch as we believe the relief plaintiffs seek would to some extent operate upon defendant city's title, we conclude this court has appellate jurisdiction on the ground that title to real estate is involved in this case, Const. Art. V, § 3, V.A.M.S.; and by the same token we furthermore conclude the trial court correctly sustained defendant city's motion. It may be stated that an action for a declaratory judgment cannot be used as a subterfuge for, or for the veiled purpose of relitigating a question as to which a former judgment is conclusive. State ex rel. Kansas City Bridge Co. v. Terte, 345 Mo. 95, 131 S.W.2d 587, 124 A.L.R. 1331; Koenig v. Koenig, Mo.App., 191 S.W.2d 269; Annotation, 154 A.L.R. 740 at page 743; Borchard, Declaratory Judgments, p. 355; Vol. 2, Anderson, Actions for Declaratory Judgments, § 459, p. 1079, at page 1081.

The order and judgment of abatement and dismissal should be affirmed.

It is so ordered.

LOZIER and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the Judges concur.