W. L. CANTRELL and Samuel Castleberry, Plaintiffs,

v.

CITY OF CARUTHERSVILLE, a Municipal Corporation, Defendant.

No. 1713.

United States District Court, E. D. Missouri, Southeastern Division.

Feb. 4, 1955.

Von Mayes and Fred L. Henley, Caruthersville, Mo., for plaintiff.

Ward & Reeves, Everett Reeves, Caruthersville, Mo., for defendant.

HULEN, District Judge.

This action is before the court on motions for summary judgment and to dismiss.

The petition is titled "Suit for Injunction and Damages," and is in one count.

Rule 8(a), Fed.Rules Civ.Proc. 28 U.S.C.A., calls for the complaint to contain a short and plain statement (1) of the grounds of jurisdiction, (2) of the claim showing plaintiff is entitled to relief, and (3) the relief to which plaintiff deems himself entitled. Does the complaint in this case do either?

The suit concerns a piece of land 48 feet by 8 feet, in or on a public alley in the town of Caruthersville in Southeast Missouri. The petition tells us defendant permitted plaintiffs to construct a building on this tract. It also tells us plaintiffs own the tract. It also tells us plaintiffs constructed a loading platform on the tract, and that defendant by court decree forced them to remove the platform—"all to their loss of the use of said platform and their said tract and their great humiliation and public embarrassment."

Yet we gain the impression from reading the document titled "petition" that plaintiffs' principal grievance is not the taking of the use of the 48 x 8 foot strip of alley (whether or not paved does not appear), but defendant, so the pleading states—

"  *  *  *  has never sued said adjoining owners to obtain a judicial decree to declare their said

tracts of land part of a public alley or interfered with their use of their said tracts or the obstructions thereon; that said adjoining tracts of land have never been by plat, deed, intent or otherwise dedicated for a public alley by the owners thereof and is assessed by defendant for municipal taxes and has never been improved for public use; that to constitute a public alley all tracts in the direct line of travel must be dedicated for such purpose; * * *."

This lawsuit does not initiate the litigation on this controversy between the parties.[1] It is one of many suits. After a long and obviously fruitless series of suits (seven, if we count correctly) in the state courts, over the plaintiffs' contentions, we believe we see in the present action an effort by plaintiffs to transfer the scene of court action to a Federal tribunal. We are not prepared to receive the litigation, at least on the present pleading.

The history of the controversy, all as set out in the petition as if it constituted a part of the plaintiffs' claims, is as follows:

Some time after (how long does not appear) defendant "issued plaintiffs a permit to construct a building on said tract," defendant brought an action in ejectment against plaintiffs. We gain the impression this suit was the subject of a full and complete hearing, with all parties represented and all claims stoutly contested. Judgment went for the city and was affirmed by the appellate court.[2]

Plaintiffs countered with a suit to quiet title on the 48 by 8 foot alley tract. It was met by the adverse judgment in the ejectment suit. After a trip to the appellate court and the supreme court, and opinions of those two courts had clarified how the judgment in ejectment could be made effective, it received judicial recognition. Finally the suit to quiet title resulted in a judgment adverse to plaintiffs and in favor of the city. It too was affirmed by the Supreme Court of Missouri.[3]

After experiencing those defeats in the state courts the petition says:

"* * * this action was filed in this Court, which is different from any of said actions in the state court in that it involves a federal constitutional question respecting violation of civil rights or equal protection of the law of persons in like situations and none of the issues tendered by the petition in this action was actually decided in any of said actions in the state court and for these reasons none of the judgments of the state court in said actions is res judicata or a defense in this action and this Court has jurisdiction without regard to the amount in dispute; * * *."

■ We are compelled to rule that even though plaintiffs would have us consider their case as one based on the Federal Constitution, nevertheless it must involve a sum in excess of $3,000, exclusive of interest and costs. See Section 1331, Title 28 U.S.C.A.

The only basis of a claim that there is here present the necessary amount to give this court jurisdiction is plaintiffs' recitation in their pleading—

"* * * that defendant by said litigation and decree has uselessly and oppressively harassed plaintiffs

1. The original files in the state court litigation are filed in support of motion for summary judgment.

2. City of Caruthersville v. Cantrell, Mo. App., 230 S.W.2d 160.

3. See Cantrell v. City of Caruthersville, 359 Mo. 282, 221 S.W.2d 471; Id., Mo., 249 S.W.2d 425; Id., 363 Mo. 988, 255 S.W.2d 785. Plaintiffs' pleading recites the history of a suit for a declaratory judgment in the state court but its place in the sequence of suits is not clear. Its outcome was another defeat for the plaintiffs ultimately by the ruling of the Supreme Court of Missouri. Cantrell v. City of Caruthersville, Mo., 267 S.W.2d 646.

and conferred upon said adjoining owners special privileges and unnecessarily deprived plaintiffs of the free use of their property; that defendant has for five years continuously and unreasonably, arbitrarily, wantonly and maliciously discriminated against plaintiffs as citizens and property owners by uselessly and oppressively exercising its corporate power as aforesaid and hereinafter stated in contravention of their rights with respect to the equal protection of the law guaranteed them by the 14th Amendment of the Constitution of the United States of America to their actual damages in the sum of Ten Thousand Dollars and Fifty Thousand Dollars punitive damages."

But later in the petition, apparently aware of the weakness of their claim of oppression, in a series of suits which they either initiated or lost, plaintiffs declare this court has jurisdiction without regard to amount in dispute. We can only hold the amount in dispute is doubtful and decline jurisdiction for that reason.

Plaintiffs state in the body of the petition:

" * * * that the question of the dedication of plaintiffs' said tract for public use as an alley is not an issue tendered by the petition in this action, but whether defendant may appropriate said tract for such purpose without acquiring the adjoining tracts therefor and not discriminate between plaintiffs and the adjoining owners in like situation; * * *."

But the prayer is:

"Wherefore, plaintiffs pray the Court to enjoin and restrain the defendant, its agents, servants and officers, from exercising control or possession over their said tract of land until said adjoining tracts are acquired for use as a public alley * * *."

■ We hold plaintiffs' pleading is defective in failing to set forth a short and plain statement of the claim showing plaintiffs are entitled to relief.

■ The constitutional question plaintiffs would now have this court pass on admittedly was never raised in any of the state court litigation. For such failure plaintiffs could not now there assert it.

"But is must be taken as settled law that in so grave a matter as a constitutional question it should be lodged in the case at the earliest moment that good pleading and orderly procedure will admit under the circumstances of the given case, otherwise it will be waived. Barber Asphalt [Pav.] Co. v. Ridge, 169 Mo. [376], loc. cit. 387, 68 S.W. 1043 et seq." Lohmeyer v. St. Louis Cordage Co., 214 Mo. 685, 113 S.W. 1108, 1110.

Having waived whatever right they had to raise a constitutional question in the state court, why should plaintiffs be permitted to "cross the street" and in another court raise the same question? The reasoning that suggests the termination of litigation after numerous days in court appeals to us.

■ It is apparent from the pleading that the city has never changed its position on control of the tract of land 48 by 8 feet—a position which plaintiffs claim invades their constitutional rights. Whatever grounds plaintiffs had to assert a constitutional question was present from the first suit. But only now would plaintiffs assert it. The state courts were adequate to adjudicate it. That it was not is due solely to laches on the part of plaintiffs. That the courts shall not be made the unseemly vehicle for endless and interminable litigation, we hold the right, if any, has been

**640**

waived.[4]  See Utley v. St. Petersburg, 292 U.S. 106, 54 S.Ct. 593, 78 L.Ed. 1155.

We dismiss the "petition" for the reasons stated.

---

4. The last time this litigation was before the Supreme Court of the State of Missouri, that court stated in its opinion [267 S.W.2d 648]:

"* * * a judgment in this action if granted, as plaintiffs pray, would qualify or operate upon defendant city's title. Now obviously, if defendant city's right to an easement was dependent upon city's acquisition of an easement over the lands of defendants Bank and Mehrle, plaintiffs could and should have raised the issue in the title action. In the interest of the State there should be an end to litigation arising out of the same subject matter, and it is to the interest of the individual litigant that he should not be vexed twice for the same cause. These are the dual grounds for the doctrine of res judicata, 50 C.J.S., Judgments, § 592, pp. 11–13; and it is furthermore the aim of the Civil Code of Missouri that all claims arising out of the same subject matter should be determined in one action. Cantrell v. City of Caruthersville, supra, 359 Mo. 282, 221 S.W.2d 471."