**W. L. CANTRELL and Samuel Castleberry, Appellants,**

v.

**CITY OF CARUTHERSVILLE, a municipal corporation, Appellee.**

**No. 15307.**

United States Court of Appeals
Eighth Circuit.

June 3, 1955.

Rehearing Denied June 27, 1955.

Von Mayes and Fred L. Henley, Caruthersville, Mo., filed brief for appellants.

James E. Reeves, City Counselor, and Everett Reeves, Caruthersville, Mo., filed brief for appellee.

Before SANBORN, JOHNSEN and VAN OOSTERHOUT, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment, 128 F.Supp. 637, dismissing the "amended petition" of the plaintiffs (appellants), upon the motions of the defendant, City of Caruthersville, for summary judgment and to dismiss. The prayer of the "amended petition" reads as follows:

"Wherefore, plaintiffs pray the Court to enjoin and restrain the defendant, its agents, servants and officers, from exercising control or possession over their [the plaintiffs'] said tract of land until said adjoining tracts are acquired for use as a public alley and for their actual damages in the sum of Ten Thousand Dollars and Fifty Thousand Dollars punitive damages and for general relief and costs."

The tract of land involved is alleged to be a strip 48 feet by 8 feet in the City of Caruthersville, Missouri, owned by

the plaintiffs but controlled by the City as a public alley.

As a basis for federal jurisdiction, there being no diversity of citizenship, the plaintiffs in their amended petition or complaint alleged:

> "This action is brought in this Court because it seeks an injunction for future protection and damages by way of redress for past violation of the rights of plaintiffs to the equal protection of the law of the land guaranteed them by the 14th Amendment of the Constitution of the United States of America."

As we interpret the complaint, it is based upon the claim that, while it has been conclusively determined by the courts of Missouri that the strip of land in suit has been dedicated as a public alley, the City cannot deprive the plaintiffs of the use of the land so dedicated unless and until the City has acquired adjoining tracts for the same purpose, and that the City's control of the land in suit for an alley is, under the circumstances, a denial of the plaintiffs' federal civil rights and deprives the plaintiffs of the equal protection of the laws.

After stating that none of the judgments in the state court actions between the plaintiffs and the City is res judicata of the claim in the instant action, the plaintiffs have alleged:

> "that the question of the dedication of plaintiffs' said tract for public use as an alley is not an issue tendered by the petition in this action, but whether defendant may appropriate said tract for such purpose without acquiring the adjoining tracts therefor and not discriminate between plaintiffs and the adjoining owners in like situation; that none of said judgments in the state court affects the property rights of said adjoining owners and defendant disclaims an alley easement therein and plaintiffs have no other remedy at law or in equity; that this Court in this action is not bound by any abuse of power or unreasonable construction by the state."

Aside from any question of res judicata, it is clear to us that there is no basis for the appellants' claim that the action of the City in failing or refusing to acquire adjoining land for the extension or continuation of the alley in suit presents a denial of a federal right. Whether the City can deprive the appellants of the use of their land, dedicated as an alley, without acquiring adjoining land is purely a question of Missouri law, and presents no question arising under the Constitution or laws of the United States.

The judgment appealed from is affirmed.