STATE of Missouri ex rel. ST. LOUIS COUNTY, Missouri et al., Relators,

and

Don B. Sommers, Relator-Intervenor, Respondents,

v.

James C. KIRKPATRICK, Secretary of State, State of Missouri, Godfrey Padberg et al., Appellants.

No. 52822.

Supreme Court of Missouri, Division No. 1.

April 8, 1968.

Joseph B. Moore, St. Louis County Counselor, Thomas W. Wehrle, Deputy County Counselor, Clayton, for respondents St. Louis County and Lawrence K. Roos.

Walter M. Clark, St. Louis, for respondent, Don B. Sommers.

Norman Barken, St. Louis, for appellants.

SEILER, Judge.

The first question before us in this case is whether relator St. Louis County has the authority to enact an ordinance submitting to the voters cf St. Louis County at the next general election, a proposal calling for the nonpartisan appointment and retention of circuit judges and probate judges in said county, pursuant to the provisions of Art. V, § 29(a)–(g), 1945 Constitution, V.A. M.S., and another ordinance with the same proposal as to magistrate judges. The Board of Election Commissioners refused to place the two proposals on the ballot. The county, joined by intervenor Sommers, a registered and qualified voter of the county, petitioned the circuit court of St. Louis County for a writ of mandamus requiring the Election Board to submit the proposals to the voters. The circuit court, after a hearing, entered an order issuing a per-

emptory writ, and respondent Board of Election Commissioners has appealed. The trial court, on October 25, 1966, found the failure of the General Assembly to provide for the submission to the voters of St. Louis County of the question of adoption of the nonpartisan court plan was a denial to intervenor Sommers of equal protection and due process of law; that the two ordinances were part of an orderly procedure for the submission of the propositions contained so as to guarantee equal protection and due process to the intervenor and others similarly situated, and ordered respondents to submit the two propositions at the next general election after the November 8, 1966 election.

The county contends that by virtue of its charter provision authorizing it to exercise all powers of legislation conferred on counties by the constitution and the holding in Hellman v. St. Louis County (Mo.Sup.) 302 S.W.2d 911, 916,[1] that Art. VI, § 18(b), carries with it an implied grant of such powers as are reasonably necessary to the powers granted and not contrary to the public policy of the state, the County Council as the "legally authorized agency to order elections" is authorized to guarantee due process and equal protection to respondent Sommers and other citizens of the county by adopting the two ordinances in question, which, it argues, the election board must then carry out by submitting the proposals to the voters.

If St. Louis County, which is a county of the first class operating under a home rule county charter, originally adopted by its voters in 1950, has any authority to enact such ordinances, it must be found in Art. VI, § 18, of the 1945 Constitution. Our construction of the section is that it does not give St. Louis County any such authority. Therefore, the two ordinances are not valid and the judgment must be reversed, State on Information of Dalton, ex rel. Shepley

---

1. This was a case which held St. Louis County had authority to enter into certain contracts with appraisal companies for the appraisal of real estate in the county.

**74**

v. Gamble, banc, 365 Mo. 215, 280 S.W.2d 656, 659–660.

While it is true Art. VI, § 18(b), requires a county home rule charter provide for certain matters, including the " * * * manner of selection * * * of the county officers * * * ", this, in our opinion, does not give the St. Louis County Council the right to submit proposals as to the manner of selection of circuit, probate, and magistrate judges. "Circuit judges are judges of the State of Missouri and not merely judges of the circuit in which they are elected or appointed", Cantrell v. City of Caruthersville, 363 Mo. 988, 255 S.W.2d 785, 786. It has been held that probate judges are not county officers, State ex rel. Buchanan County v. Imel, 242 Mo. 293, 146 S.W. 783, 784–785. Part of the judicial power of the state is vested by the constitution in the circuit, probate, and magistrate courts, Art. V, § 1. The matter of the selection of circuit, probate, and magistrate judges is not a power which is incident to home rule county government. We hold such is not within the powers directly granted St. Louis County in its home rule charter or reasonably necessary to the exercise of the powers which are granted to it. Art. VI, § 18(e) reserves election laws to the legislature and the state statutes have, for many years, provided the means of selection, by primary and general elections, of circuit, probate, and magistrate judges throughout the state (except, of course, for the operation of the nonpartisan court plan in St. Louis City and Jackson County), while the constitution has prescribed the terms and qualifications of such judges. Even though St. Louis County under its charter must perform certain state functions over the entire county, State on Information of Dalton ex rel. Shepley v. Gamble, supra, 280 S.W.2d 1. c. 660, it is not within the constitutional power granted the county to provide for the manner of selection of such judges, State ex rel. Cole v. Matthews (Mo.Sup. banc) 274 S.W. 2d 286, 292.

In fact, until the present attempt St. Louis County apparently has made no effort to legislate in the field of the manner of selection of judges. Its charter, Art. II, § 3, does not include circuit, probate, or magistrate judges as elective county officers and the charter does not purport to provide for their selection or election. It is evident the county itself has not heretofore construed the constitution or charter as giving it such power.

Having concluded the St. Louis County Council has no authority under the 1945 Constitution and its charter adopted thereunder to submit the proposals in question to the voters of the county, there is no need to reach other matters discussed in the briefs which necessarily fall out of the case if the county has no authority to act in the first place.

The judgment is reversed and petition for writ of mandamus ordered dismissed.

STORCKMAN, J., and HOLMAN, Alt. J., concur.

HENLEY, P. J., not sitting.