Ike EASTER and Doris Easter, His Wife, and James L. Rees and Fern M. Rees, His Wife, Plaintiffs-Respondents,

v.

Wilbert HUDGENS and Jewell Hudgens, His Wife, Defendants,

and

John Mike Branson and Hazel O. Branson, His Wife, Defendants-Appellants.

No. 53460.

Supreme Court of Missouri, Division No. 2.

March 10, 1969.

Melvin E. Carnahan, Rolla, for respondents.

Louis Gilden, St. Louis, for appellants.

LAURANCE M. HYDE, Special Commissioner.

Action to reform a deed to plaintiffs to convey a different tract of land from that described in the deed and require defendants Hudgens to execute a new and reformed deed. The land plaintiffs seek to have described in the reformed deed to them was deeded by defendants Hudgens to de-

fendants Branson. The court's decree ordered reformation of the deed to plaintiffs Easter and cancelled the deed from defendants Hudgens to defendants Branson. The court also dismissed a counterclaim of defendants Hudgens against plaintiffs Easter. Only defendants Branson (hereinafter called appellants) have appealed and we affirm.

The basis of review of this case tried by the court without a jury is: "The judgment shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Civil Rule 73.01(d), V.A.M.R. Appellants say the evidence was insufficient to show a mutual mistake of fact; that the court made no finding of a mutual mistake of fact; and that the evidence shows no more than a unilateral mistake of fact on the part of the Easters. The court found "the land described in said deed is not the land agreed by defendants Hudgens to sell and convey, nor the land purchased by plaintiffs Easter, as agreed between them, * * *." We consider this to be a sufficient finding of a mutual mistake of fact. Our review of the evidence convinces us that the trial court was clearly right in finding the description of the land conveyed to the Easters was incorrect and did not convey the land the parties intended. See Blevins v. Thompson, Mo.Sup., 255 S.W.2d 787, 790; Leimkuehler v. Shoemaker, Mo.Sup., 329 S.W.2d 726, 731; Allen v. Smith, Mo.App., 375 S.W.2d 874, 880; Commercial Standard Ins. Co. v. Maryland Casualty Co., U.S.C.A. 8th, 248 F.2d 412, 416.

State Highway W runs northwest through the Hudgens' land in Section 8, Township 36, Range 8 which included the west half of the northeast quarter and the north half of the southeast quarter. Seventeen acres of the north half of the southeast quarter is on the west of Highway W and this is the land in question. Plaintiffs' evidence was that Easter bought this 17 acres from Hudgens in August 1962 for $250.00 to have a place to put his house trailer while he cut wood in the neighborhood. He paid the purchase price, moved his trailer on the land across the road from and near Hudgens' house and set poles for a wire connecting with an electric line on Hudgens' land across the highway. Easter lived there until March 1963 when he sold the 17 acres to plaintiffs Rees. While there Easter cut timber on land owned by Hudgens under an arrangement, according to Hudgens, that Easter was to get the wood but was to completely clear the land. Hudgens claimed Easter cut the best trees and left the rest leaving him the expense of clearing the rest and this was the basis for his counterclaim. It was a deal entirely separate from the land sale and purchase.

On the same day the Hudgenses made the deed to the Easters, they made a deed to appellants which described and conveyed the 17 acres Easter claims to have bought and onto which he had moved (although the description was not completely accurate as hereinafter noted). The deed to Easters instead of describing the 17 acres onto which Easter had moved described a tract of about one half acre in the southwest corner of the west half of the northeast quarter. The original deeds stated the wrong range number and correction deeds were made in January 1963 which stated the correct range number but otherwise described the land the same as the original deeds. There was testimony that the half acre described in the deed to Easter was a gully and a topographical map in evidence shows it falls away from the highway.

In June 1964 Rees attempted to sell the 17 acres to Ed McWhorter and discovered through the investigation of an abstracter, William Wiggins, that this land was described in the deed from Hudgens to appellants. Rees went to see Hudgens and appellants and said appellants told him they had bought a 2½ acre strip on the west side of the county road, which ran north from Highway W through the west half of the northeast quarter, to bring land they owned in the northwest quarter of section

8 out to the county road and that they were willing to straighten it up. Rees also went to see Hudgens who he said admitted the mistake but would not sign correction deeds until Easter settled his claim for not prop-erly clearing his land. Wiggins also talked to Hudgens, and said he admitted the mistake but had a difference with Easter and would not sign correction deeds. Easter, Rees and McWhorter went to see Hudgens at a sale barn he was operating in Salem and got into an altercation with him that resulted in a disturbance of the peace charge against Easter.

 Defendants' testimony seems evasive and unconvincing. All four of the defendants testified there was an agreement among them for a sale of land to appellants, owned by Hudgens in the west half of the northeast quarter west of the county road, which would bring appellants' land in the northwest quarter out to the county road. They called it a verbal option which they said had existed for several years but they had not got around to having deeds made. The deeds themselves indicate a mistake. Neither deed stated the acreage conveyed. The description in the deed to appellants is: "All that part of North Half of the Southeast quarter of Section 8, Township 36, Range 8 West that lies South and West of the County Road that now exists." There is no county road in the north half of the southeast quarter. The only road there is State Highway W and the 17 acres in controversy lie south and west of this state highway. The county road goes only to Highway W at a point north of the north line of the north half of the southeast quarter. The deed to Easters describes: "All that part of the West half of the Northeast Quarter of Section 8, Township 36, North Range 8 West that lies west of Highway (W)." If this deed had said west of the county road (which runs north through the west half of the northeast quarter) it would have described the land appellants say they had an agreement to buy. The land this deed actually described was a small tract (about ½ acre)

in the southwest corner of southwest quarter of the northeast quarter on the west side of Highway W across Highway W south from the point where the county road begins. From its description, it would seem to be almost valueless. The trial court reached the right result.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the court.

All of the Judges concur.