Robert E. MORLEY, Plaintiff-Respondent,

William S. Diuguid, Plaintiff in Intervention-Respondent,

v.

J. Brendan RYAN, Circuit Attorney of the City of St. Louis, and John C. Danforth, Attorney General of the State of Missouri, Defendants-Appellants.

No. 54980.

Supreme Court of Missouri, Division No. 2.

Dec. 14, 1970.

David M. Grant, St. Louis, for respondent William S. Diuguid.

John C. Danforth, Atty. Gen., Louren R. Wood, Asst. Atty. Gen., Jefferson City, for appellant John C. Danforth, Attorney General.

J. Brendan Ryan, Circuit Atty., Daniel R. Devereaux, Arthur Friedman, St. Louis, for appellant J. Brendan Ryan.

PRITCHARD, Commissioner.

This is a suit for declaratory judgment in which the two plaintiff magistrates asked for a ruling that § 482.040, Subd. 2, RSMo 1959, V.A.M.S. (which requires that in counties having more than one magistrate district the magistrate shall be a resident of the district in which he is elected), be declared unconstitutional as contravening Art. V, § 25, Const. Mo. 1945, V.A.M.S.

Magistrate Morley filed the suit after which Magistrate Diuguid was permitted to intervene. The trial court ruled that § 482.040 is unconstitutional as prayed, and defendants, the Circuit Attorney for the City of St. Louis and the Attorney General, appealed.

■ In December, 1969, Magistrate Morley resigned and has moved this court to dismiss the appeal as to him because the issue raised in the action was resolved and no justiciable controversy remains between him and appellants. That motion is overruled for the reason that the issue here of whether a magistrate must be a resident of the district in which he is elected is one in which the public has an interest. Civic League of St. Louis v. City of St. Louis, Mo., 223 S.W. 891, 892[1]; and compare State ex rel. Brokaw v. Board of Education, Mo.App., 171 S.W.2d 75, an action in quo warranto.

Art. V, § 19 of the 1945 Constitution provides for the division by the boards of election commissioners, or if none, by the county courts of magistrate districts in counties having more than one magistrate, as nearly equal in population as may be, in each of which one magistrate shall be elected. It is further provided, "Each of such magistrates shall have jurisdiction co-extensive with the county, and the magistrates may organize into a court or courts with divisions."

Art. V, § 20, Const. Mo.1945, provides that the practice, procedure, administration and jurisdiction of magistrate courts be as theretofore provided for justices of peace. Art. V, § 21, allows the general assembly to "provide for the administration of mag-

istrate courts consistent with this Constitution."

Art. V, § 25, Const. Mo.1945, provides for the qualifications of all judges and magistrates, and important to this case, "Judges of probate and magistrate courts shall be qualified voters of this state, and *residents of the county.*" (Italics added.)

It is not necessary to exhaustively review and distinguish the many cases cited and relied upon by appellants in support of their contentions that the legislative enactment (§ 482.040, Subd. 2, supra) is not clearly repugnant to, nor inconsistent with, the state Constitution. The provision of Art. V, § 25, that magistrates be residents of the county, is plain, direct, unambiguous, and admits of but one meaning, and will therefore be followed by the courts. 16 Am.Jur.2d Constitutional Law, § 64, p. 240; Rathjen v. Reorganized School Dist. R-II of Shelby County, 365 Mo. 518, 284 S.W.2d 516, 523[6]. The provision is a restriction or limitation on the legislative power which must be subordinate to the Constitution. State ex rel. Randolph County v. Walden, Special Judge, 357 Mo. 167, 206 S.W.2d 979, 986[14]; 16 C.J.S. Constitutional Law § 3, p. 26.

The 1945 Constitution abolished the former justice of peace system which, according to the Constitutional Convention Debates (which may properly be alluded to, Preisler v. Hayden, Mo., 309 S.W.2d 645), had fallen into disrepute with the people. Completely substituted was a system of magistrate courts, with many improvements over the prior provisions for justice of peace courts. One of such improvements was observed by Delegate Righter to the effect that under the New Constitution magistrates, while elected by districts, are not required to be residents of the districts from which they are elected, and that a young lawyer could run for magistrate in any district in St. Louis. The constitutional provisions follow that Convention intendment.

The city of St. Louis is treated as a county in both constitutional and statutory enactments pursuant thereto. Art. VI, § 31, Const. Mo.1945; § 1.080, RSMo 1959, V.A.M.S. The constitutional provision requires only that magistrates whose jurisdiction is coextensive with the county shall live in the county. The statutory enactment purports to restrict the plain constitutional provision, and therefore is unconstitutional as the trial court held.

The judgment is affirmed.

BARRETT, C., not sitting.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by PRICHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.