**STATE of Missouri ex rel. Frank J. STARK, Probate Judge, Relator,**

**v.**

**Russell JETER et al., Respondents,
and
John C. Vaughn, Comptroller and Director of Budget of the State of Missouri, Intervenor-Respondent.**

No. 56549.

Supreme Court of Missouri,
En Banc.

June 14, 1971.

John C. Milholland, A. J. Anderson, Harrisonville, for relator.

Don F. Whitcraft, Pros. Atty., Cass County, Harrisonville, for respondents.

John C. Danforth, Atty. Gen., John C. Klaffenbach and C. B. Burns, Jr., Asst. Atty. Gen., Jefferson City, for intervenor-respondent.

DONNELLY, Judge.

This is mandamus.

Relator is the Probate Judge of Cass County, Missouri. Respondents are the Judges of the County Court of Cass County, Missouri. Relator asks that this Court command respondents "to cause the county warrants of Cass County to be issued on the first day of each month in payment to relator for his compensation fixed by law as Probate Judge of Cass County * *."

The parties have stipulated that:

"1. Cass County now has and had, at all times mentioned in relator's petition for a writ of mandamus, an asssessed valuation of in excess of fifty million dollars.

"2. Under the 1960 federal decennial census, Cass County had a population of not more than 30,000 inhabitants.

"3. Under the 1970 federal decennial census, Cass County is shown to have a population of more than 30,000 inhabitants and not more than 65,000 inhabitants.

"4. At the time of the general election on November 3, 1970, relator, Frank J. Stark was the incumbent probate judge for Cass County and also had qualified and was the incumbent judge of the magistrate court of Cass County.

"5. In the general election of November 3, 1970, relator was elected probate judge for Cass County for a four year term commencing January 1, 1971.

"6. On January 1, 1971, relator qualified and assumed office as probate judge of Cass County and also as judge of the magistrate court of Cass County.

"7. Respondents are the duly elected, qualified and acting county judges of Cass County.

"8. Relator has fully performed all duties of probate judge of Cass County for the entire month of January, 1971.

"9. On February 1, 1971, relator made demand on respondents for payment of compensation for his services as probate judge of Cass County and respondents refused to cause any warrant of Cass County to be issued to relator and continue to so refuse."

The parties agree that a construction of V.A.M.S. § 1.100 is essential to a determination of the issues in this case. It reads, in pertinent part, as follows:

"1.100. *Population, how determined*

"1. The population of any political subdivision of the state for the purpose of representation or other matters including the ascertainment of the salary of any county officer for any year or for the amount of fees he may retain or the amount he is allowed to pay for deputies and assistants is determined on the basis of the last previous decennial census of the United States. For the purposes of this section the effective date of the 1960 decennial census of the United States is July 1, 1961, and the effective date of each succeeding decennial census of the United States is July first of each tenth year after 1961; except that

for the purposes of ascertaining the salary of any county officer for any year or for the amount of fees he may retain or the amount he is allowed to pay for deputies and assistants the effective date of the 1960 decennial census of the United States is January 1, 1961, and the effective date of each succeeding decennial census is January first of each tenth year after 1961."

This Court has held that probate judges are not "county officers." State ex rel. Buchanan County v. Imel, 242 Mo. 293, 146 S.W. 783; State ex rel. St. Louis County v. Kirkpatrick, Mo.Sup., 426 S.W.2d 72. This case, of course, involves a probate judge. Therefore, those portions of V.A.M.S. § 1.100 which purport to affect "the salary of any county officer" have no application to this case. This means that the statutory reference to *January 1,* 1971 is of no significance in this case. The statutory references to *July 1,* 1971, are of *much* significance.

In our opinion, the legal effect of V.A. M.S. § 1.100, *as applied to the facts of this particular case,* is as follows:

(1) In Cass County, on July 1, 1971, and thereafter, there shall be a probate judge (Art. V, § 16, Const. of 1945, V.A.M.S.) *and* a magistrate judge (Art. V, § 18, Const. of 1945).

(2) On January 1, 1971, relator became judge of the probate court and also "judge of the magistrate court." (Art. V, § 18, Const. of 1945). On July 1, 1971, relator will no longer be "judge of the magistrate court."

(3) For services rendered as probate judge and magistrate judge for the period January 1, 1971, through June 30, 1971, relator was and is entitled to compensation from the State at the rate of $12,400 per annum (V.A.M.S. § 482.150).

(4) For services rendered as probate judge on July 1, 1971, and thereafter, relator will be entitled to an annual salary of $13,000, payable monthly by Cass County (V.A.M.S. §§ 481.200 and 483.475).

(5) For services rendered on July 1, 1971, and thereafter, the person appointed Magistrate Judge of Cass County (Art. IV, § 4, Const. of 1945) will be entitled to an annual salary of $11,800 (V.A.M.S. § 482.150).

In view of our disposition of the issues presented, relator's petition for relief is premature. The writ of mandamus is denied and the costs are taxed against relator.

All concur.