**Richard H. MUSSER, (Plaintiff) Respondent,**

v.

**Shirley COONROD et al., (Defendants) Appellants.**

**Byron Kearby and Lawrence L. Bradley, Amici Curiae.**

**No. 58162.**

Supreme Court of Missouri, En Banc.

June 18, 1973.

C. B. Fitzgerald, Warrensburg, for respondent.

Tom R. Williams, Pros. Atty., Johnson County, Warrensburg, for defendants-appellants.

Ted M. Henson, Jr., Poplar Bluff, for amici curiae.

HOLMAN, Judge.

This declaratory judgment action involves the constitutionality of portions of three sections of statutes enacted by the 76th General Assembly relating to probate judges and magistrates. These sections are 481.205(2) and 482.010(2) as amended and re-enacted in Senate Bill No. 496, and 482.010(2) as amended and re-enacted in House Bill No. 1131. The trial court ruled that the provisions complained of were invalid as being in conflict with, and violative of, certain sections of Art. V, Mo. Const.1945, V.A.M.S. Defendants have appealed. Our jurisdiction is obvious since the case involves the construction of the constitution of this state. We affirm.

At the outset it is interesting to note that during the second regular session of the 76th General Assembly, two separate laws were enacted (effective August 13, 1972) in which § 482.010 RSMo 1969, V.A.M.S., was repealed and re-enacted; also, that portions of the section as enacted in the two laws are irreconcilably in conflict.

The constitutional provisions of Art. V with which we are concerned are as follows:

"Section 16. There shall be a probate court in each county with jurisdiction of all matters pertaining to probate business * * *

"Section 18. There shall be a magistrate court in each county. In counties of 30,-000 inhabitants or less, the probate judge shall be judge of the magistrate court. In counties of more than 30,000 and not more than 70,000 inhabitants there shall be one magistrate. * * *

"Section 25. * * * Probate judges shall be at least twenty-five and magistrates at least twenty-two years of age. Every judge and magistrate shall be licensed to practice law in this state, except that probate judges now in office may succeed themselves as probate judges without being so licensed, and except that persons who are now justices of the peace, or who have heretofore been justices of the peace in this state for at least four years, shall be eligible to the office of magistrate without being so licensed."

In setting out the following statutory sections involved, we italicize the portions which are hereinafter declared invalid. Section 482.010(2), as enacted in H.B. 1131 (referred to in Vernon's "Missouri Legislative Service" as Act 71):

"2. In counties of thirty thousand inhabitants or less the probate judge shall be the judge of the magistrate court. *In counties having a population of more than fifty thousand and an assessed valuation of less than fifty million dollars, the probate judge shall be judge of the magistrate court.* In counties of more than thirty thousand and not more than seventy thousand inhabitants there shall be one magistrate. * * *"

Section 482.010(2) as enacted in S.B. 496 (referred to in Vernon's as Act 105):

"2. In counties of thirty thousand inhabitants or less the probate judge shall be the judge of the magistrate court. *In counties of more than thirty thousand inhabitants and less than forty-eight thousand inhabitants except in those counties containing all or part of a city having a population of more than four hundred fifty thousand and in counties having a population of more than fifty thousand and an assessed valuation of less than fifty million dollars, the magistrate judge shall be judge of the probate court. Except as provided above in counties of more than fifty thousand and not more than seventy thousand inhabitants there shall be one magistrate.* * * *."

Section 481.205 (also contained in Act 105) relating to the salary of probate judges contained the following subsection:

"2. *In counties having a population of more than thirty thousand but less than forty-eight thousand except those containing all or part of a city having a population of more than four hundred fifty thousand and in counties having a population of more than fifty thousand and an as-sessed valuation of less than fifty million dollars, the magistrate shall serve as ex officio probate judge and shall receive the compensation provided by law for such magistrates. No additional compensation shall be paid for his services as ex officio probate judge.*"

Plaintiff filed this action as Probate Judge of Johnson County, Missouri, on his own behalf and on behalf of a class consisting of the probate judges of Butler, Cass, Cole, Dunklin, Newton, Pettis, Pulaski, St. Francois, and Scott Counties. The facts are stipulated. From that stipulation it appears that plaintiff was elected to the office of Judge of the Probate Court and ex officio Judge of the Magistrate Court for a term of four years commencing January 1, 1971, and that he assumed the office at that time; that the decennial census for the year 1970 showed Johnson County with a population of more than 30,000 but less than 70,000 inhabitants, and as a result of the change in population the offices of probate judge and judge of the magistrate court were separated as of July 1, 1971; that plaintiff presently serves as probate judge, and the defendant Roy A. Jones serves as judge of the magistrate court; that Act 105, supra, became effective August 13, 1972; that Johnson County has a population of more than 30,000 and less than 48,000 inhabitants, and thus would be subject to the provisions of subsection 2 of § 482.010 of Act 105; that on August 14, 1972, defendant Jones requested that plaintiff deliver to him the seal and other appurtenances connected with the office of probate judge of Johnson County and plaintiff declined to surrender his said office; that the various county and state officials who are interested in this controversy have been made parties herein, and that a copy of the proceeding has been served upon the attorney general of Missouri in accordance with Rule 84.04 V.A.M.R.; that a justiciable controversy exists in that plaintiff claims the right to serve and be compensated as judge of the probate court

of Johnson County, and defendants deny his right to serve in that office.

As heretofore indicated, the trial court found the portions of Acts 71 and 105 here in question to be unconstitutional in that they are violative of §§ 16 and 18 of Art. V of the Missouri Constitution.

The court further found that the unconstitutional provisions of said Acts are severable from the other provisions of the Acts and of the statutory sections involved. It was further found and adjudged that plaintiff, the duly elected judge of the probate court of Johnson County, is entitled to hold that office until the expiration of his term.

■ We think §§ 16 and 18 of the Missouri Constitution clearly provide for the establishment of probate and magistrate courts and the manner in which they interrelate. In considering those sections we conclude as follows: (1) There shall be a probate court in each county; (2) there shall be a magistrate court in each county; (3) in counties of 30,000 inhabitants or less, the probate judge shall be judge of the magistrate court; and (4) in all counties of more than 30,000 inhabitants, there shall be a probate judge and at least one magistrate judge. In other words, the constitutional plan for the operation of these two courts provides only one instance where one person shall be judge of both courts, i. e., in counties of 30,000 inhabitants or less. While not material here, perhaps it should be mentioned that a procedure is provided whereby the circuit court may increase the number of magistrates in any county.

This court has heretofore stated the fundamental rule that "legislation 'cannot limit or restrict the rights conferred by the constitutional provision.' State ex rel. Elsas v. Missouri Workmen's Compensation Commission, [318 Mo. 1004, 2 S.W.2d 796, 801]. In State ex rel. City of Fulton v.

Smith [355 Mo. 27, 194 S.W. 302, 305], we said: 'Minor details may be left for the legislature without impairing the self-executing nature of constitutional provisions * * * but all such legislation must be subordinate to the constitutional provision and in furtherance of its purposes, and must not in any particular attempt to narrow or embarrass it.' In a contest between the two if the statute *restricts a right* conferred by the Constitution, the latter prevails and the statute falls." State ex rel. Randolph County v. Walden, 357 Mo. 167, 206 S.W.2d 979, 986 (Mo.1947).

■ In considering Act 105 it is quite clear that the provision attacked in 482.-010(2), and the similar provision in 481.-205(2), are repugnant to §§ 16, 18, and 25, supra. This because the constitutional provisions contemplate that there shall be a probate judge in every county, and these statutes have the effect of abolishing the office of probate judge in certain counties of the state. Moreover, by providing that the magistrate judge shall be judge of the probate court it is made possible for the judge of the probate court in those counties to be less than 25 years of age and not be licensed to practice law (a former justice of the peace for four years), all in conflict with § 25, supra. For those reasons, the provisions in question in that Act are unconstitutional and void.

■ Act 71 provides, in § 482.010(2), that in certain counties with a population of more than 50,000 the probate judge shall be judge of the magistrate court. While not material on the question of constitutionality, it should be noted that this provision is in irreconcilable conflict with the provisions of Act 105. In the provision attacked in Act 71, it is provided that the probate judge shall be judge of the magistrate court while in Act 105, in the same classification, it is provided that the magistrate judge shall be judge of the probate court. The provision in question in Act

71, however, is clearly unconstitutional because it is violative of § 18, supra, which provides that there shall be one magistrate in counties of more than 30,000 and not more than 70,000 inhabitants.

In connection with the foregoing rulings, see also State ex rel. Stark v. Jeter, 467 S.W.2d 882 (Mo.1971), and Morley v. Ryan, 461 S.W.2d 7 (Mo.1970).

We also rule that the portion of § 481.205(2) which we have declared void is severable and that the remaining provisions of that section are valid.

In regard to § 482.010 as re-enacted in Act 105, we find that without the invalid portions the section is incomplete. We have the view that the legislature would not have repealed and re-enacted the valid provisions without the void ones. See § 1.140 RSMo 1969, V.A.M.S. We therefore declare § 482.010, as re-enacted in Act 105, unconstitutional in its entirety. All other sections of Act 105, however, are clearly severable and are not affected by this decision.

In regard to § 482.010(2), as repealed and re-enacted in Act 71, we note that the only change from the prior statute was the addition of the one sentence we have declared to be void. With the void portion deleted, the remainder of the section is complete in every respect and, as indicated, is precisely the same as it has been since originally enacted in 1945. We therefore rule that the invalid portion of that statute is severable and that the remainder of the section is in all respects valid.

The judgment of the trial court is modified in regard to severability and, as modified, is affirmed.

All concur.