In the Matter of Velma B. BROWN,
alleged incompetent, Appellant.

No. 58399.

Supreme Court of Missouri,
Division No. 2.

Jan. 13, 1975.

Motion for Rehearing or to Transfer
to Court en Banc Denied
Feb. 10, 1975.

Spencer, Scott & Dwyer, John W. Scott, Grant W. Scott, Joplin, and Woolsey, Fisher, Clark, Whiteaker & Stenger, Harold J. Fisher, David L. Smith, Springfield, for respondent.

Arch M. Skelton and Edmund C. Forehand, Skelton & Forehand, Springfield and George M. Flanigan and Laurence H. Flanigan, McReynolds, Flanigan & Flanigan, Carthage, for appellant.

STOCKARD, Commissioner.

An incompetency proceeding instituted against Velma B. Brown, appellant, was tried before a jury in the Circuit Court of Jasper County and resulted in a unanimous verdict that appellant was competent. The trial court granted a new trial on the non-discretionary ground that "Instruction Number 3 given by the Court is [an] improper statement of the law and that it constituted reversible error." The notice

of appeal to this court from the order granting a new trial was filed on July 3, 1973.

■ Appellant's points on appeal, omitting for the moment the second point, are: (I) The trial court erred in granting a new trial because Instruction Number 3 was proper; (III) the trial court erred in failing to sustain appellant's motion to dismiss at the close of her testimony because she was called as a witness by respondent who "vouched for her and admitted that she was in fact competent and not of unsound mind;" and (IV) the order granting a new trial was erroneous because "there was no clear and convincing competent evidence * * * to show that appellant is an incompetent person and the record is insufficient to sustain a verdict of incompetency."

None of these issues vests this court with appellate jurisdiction. By appellant's point II he purports to present a constitutional question and thereby invoke the original appellate jurisdiction of this court. A statement of the factual circumstances relied on is essential.

Section 475.355 (all statutory references are to RSMo 1969, V.A.M.S.) in its parts material here provides:

> "If it appears to any judge of a court of record * * * that any person, by reason of his mental condition is so far disordered in his mind so as to endanger his own person or the persons or property of others * * * and that information under section 475.075 * * * has been filed, the judge may cause the person to be apprehended and may employ any person to confine him in some suitable place until the earliest reasonable date on which a hearing may be had on the information in the probate court and judgment rendered thereon."

In this case respondent filed a motion pursuant to § 475.355, and after an ex parte hearing the court entered its order on February 12, 1973, that the sheriff take appellant into custody and confine her "in some suitable place until the hearing may be heard." Appellant admits that the sheriff took her to St. John's Hospital in Springfield, Missouri (one of the finest hospitals in the area) where she was placed in the psychiatric ward and allowed an unusual degree of freedom and held with a minimum of restraint. It is also admitted that from the time of her trial she has been under no restraint or detention.

Appellant asserts, as the only basis of vesting appellate jurisdiction in this court, that § 475.355 is unconstitutional and should now be so declared by this court, and thereby not permit "such an outrage to be inflicted upon some other victim," and where questions presented are of public importance and are likely to recur, "an appeal need not be dismissed as being moot although the immediate controversy has ceased to exist."

There are situations involving issues of great public interest, which by their nature cannot reach the appellate level for final decision before becoming moot because of the natural and reasonable judicial delay. A recent example is Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), pertaining to the issue of abortion. See also, Morley v. Ryan, 461 S.W.2d 7 (Mo. 1970); and State v. Local No. 8–6 Oil, Chemical and Atomic Workers International Union, 317 S.W.2d 309 (Mo. banc 1958).

■ In the event another person, or for that matter appellant herself in a subsequent proceeding, is subjected to the provisions of § 475.355, and the action taken is believed to result in illegal or unconstitutional restraint, the remedy of habeas corpus would be immediately available. In other words, accepting appellant's contention that the validity of § 475.355 is of "public importance," and that it could be applied to some "other victim," there is available an effective proceeding by which a judicial determination may be obtained promptly.

Under these circumstances the challenge to the constitutionality of § 475.355 is not an issue for determination on this appeal. The only issues for determination do not vest appellate jurisdiction in this court.

The case is transferred to the Missouri Court of Appeals, Springfield District.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the court.

All of the Judges concur.

## ON MOTION FOR REHEARING

PER CURIAM.

In her motion for new trial appellant strongly urges that we should not consider the constitutional issue moot, and that we should rule on the constitutionality of Section 475.355, RSMo 1969, V.A.M.S., because of its general public interest, and because the right of habeas corpus is not always an adequate remedy.

Prior to trial appellant filed a "Motion to Quash and/or to Dismiss" the competency proceedings because she had been and was then "in confinement in the psychiatric unit of St. John's Hospital . . . against her will," that the order for her confinement was issued without notice of hearing to her, that she was not represented at said hearing, and that she was thereby deprived of due process and equal protection of the law all in violation of her rights under the Fifth and Fourteenth Amendment to the Constitution of the United States." The relief asked was that the court "dismiss the order" of commitment pending a hearing on the issue of competency, that it dismiss "these competency proceedings and release her from confinement." There was no specific reference or challenge to Section 475.355. This

motion was overruled. Other matters and motions were considered in conferences before a trial.

During the opening statement by appellant's counsel he said this: "And then much to Mrs. Brown's surprise on the afternoon of February the 12th, no advance warning whatever, the Sheriff of this county acting under Court order and his deputies acting under Court order entered Mrs. Brown's apartment. She was in bed or in the bedroom area at the time—." Counsel for respondent then stated that he did not know to "what depth" appellant's counsel intended to go into this but he "thought this was something covered in the conference before the court earlier, and that [he] did not understand this was a matter which we were permitted to go into details as to what occurred at that time. This is not a matter in issue here." After some further comments the court said: "Mr. Skelton, go ahead but in accordance with the court's ruling, do not go into any of the matters we discussed prior to giving the opening statements."

The trial continued on the issue of appellant's competency. The fact of her confinement, her treatment, and her conduct while at the hospital was mentioned in the testimony as bearing on the issue of her competency.

The jury verdict was that she was competent, and the trial court granted a new trial for the reason that the Court concluded that Instruction No. 3 was improper.

The appeal of appellant was from the "Order sustaining petitioner's motion to set aside entered in this action on the 2d day of July 1973."

■ The issue of the constitutionality of Section 475.355 has not been preserved in this case for appellate review.

The motion for rehearing or to transfer to the court en banc is overruled.