The Honorable Roy D. Blunt Missouri Secretary of State State Capitol Building, Room 208 Jefferson City, Missouri 65101
Dear Secretary Blunt:
This opinion is in response to your question asking:
 Shall the 1992 election for the 1991 newly created and appointed circuit court judgeships be for full regular terms of office ending in 1996 or for unexpired terms ending in 1994?
Along with your question, you state:
 After the 1990 census, the increase in population in the counties of Howell, Jefferson, Lawrence, Ozark and St. Charles entitled those counties to additional associate circuit judgeships. This is because section 478.320.1, RSMo 1986, provides that additional associate circuit judgeships be created when the population of a county increases by "one hundred thousand inhabitants or major fraction thereof."
 In the summer of 1991, Governor John Ashcroft responded to the census report and appointed new judges for these counties . . . . His authority to make those appointments came from section 105.030. That section 105.030 provides that such appointments shall continue until the first Monday in January after the next general election, at which general election a person shall be "elected to fill the unexpired portion of the term, or for the ensuing regular term, as the case may be."
 Those judgeship positions that were created in 1991 must run for office in the 1992 election. . . .
We assume from the information you have provided that the counties involved have not adopted the nonpartisan court plan as provided in Article V, Section 25 of the Constitution of Missouri.
Article V, Section 16 of the Constitution of Missouri provides:
 Section 16. Associate circuit judges, selection. Each county shall have such number of associate circuit judges as provided by law. There shall be at least one resident associate circuit judge in each county. Associate circuit judges shall be selected or elected in each county. In those circuits where the circuit judge is selected under section 25 of article 5 of the constitution the associate circuit judge shall be selected in the same manner. All other associate circuit judges shall be elected in the county in which they are to serve.
Article V, Section 19 of the Constitution of Missouri provides that associate circuit judges shall serve terms of four years.
Section 478.320, RSMo 1986, provides:
 478.320. Associate circuit judges, authorized number — additional judges, when authorized — election — restrictions on practice of law or paid public appointment — residency requirement. —
 1. In counties having a population of thirty thousand or less, there shall be one associate circuit judge. In counties having a population of more than thirty thousand and less than one hundred thousand, there shall be two associate circuit judges. In counties having a population of one hundred thousand or more, there shall be two associate circuit judges and one additional associate circuit judge for each additional one hundred thousand inhabitants or major fraction thereof.
 2. In addition to the associate circuit judges authorized by subsection 1 of this section, one additional associate circuit judge is authorized for each magistrate which was provided in the county pursuant to the provisions of subsection 3 of section 482.010, RSMo, in effect on January 1, 1979. Additional associate circuit judges may be authorized in particular counties by law hereafter enacted.
 3. Except in circuits where associate circuit judges are selected under the provisions of sections 25(a) to (g) of article V of the constitution, the election of associate circuit judges shall in all respects be conducted as other elections and the returns made as for other officers.
 4. In counties where associate circuit judges are elected, they shall be elected by the county at large.
 5. No associate circuit judge shall practice law, or do a law business, nor shall he accept, during his term of office, any public appointment for which he receives compensation for his services.
 6. No person shall be elected as an associate circuit judge unless he has resided in the county for which he is to be elected at least one year prior to the date of his election; provided that, a person who is appointed by the governor to fill a vacancy may file for election and be elected notwithstanding the provisions of this subsection.
Pursuant to Section 1.100, RSMo 1986, the effective date of the United States decennial census was July 1, 1991. SeeState ex rel. Stark v. Jeter, 467 S.W.2d 882, 883 (Mo. banc 1971). The information attached to your opinion request indicates that of the persons appointed as associate circuit judges in the counties in question, three were appointed to terms beginning July 1, 1991, one was appointed to a term beginning July 15, 1991, and one to a term beginning August 1, 1991.
In Missouri Attorney General Opinion No. 145, Kirkpatrick, 1980, a copy of which is enclosed, this office concluded "that the provisions of Section 105.030, RSMo, became applicable" to associate circuit judges not under the nonpartisan court plan who were appointed as additional judges. Id. at 4-5. Section105.030, RSMo Supp. 1991, provides:
 105.030. Vacancies, how filled. — Whenever any vacancy, caused in any manner or by any means whatsoever, occurs or exists in any state or county office originally filled by election of the people, other than in the offices of lieutenant governor, state senator or representative, sheriff, or recorder of deeds in the city of St. Louis, the vacancy shall be filled by appointment by the governor except that when a vacancy occurs in the office of county assessor after a general election at which a person other than the incumbent has been elected, the person so elected shall be appointed to fill the remainder of the unexpired term; and the person appointed after duly qualifying and entering upon the discharge of his duties under the appointment shall continue in office until the first Monday in January next following the first ensuing general election, at which general election a person shall be elected to fill the unexpired portion of the term, or for the ensuing regular term, as the case may be,
and the person so elected shall enter upon the discharge of the duties of the office the first Monday in January next following his election, except that when the term to be filled begins on any day other than the first Monday in January, the appointee of the governor shall be entitled to hold the office until such other date. This section shall not apply to vacancies in county offices in any county which has adopted a charter for its own government under section 18, article VI of the constitution. Any vacancy in the office of recorder of deeds in the city of St. Louis shall be filled by appointment by the mayor of that city. [Emphasis added.]
Opinion No. 145 concluded:
 Associate circuit judges who were appointed by the governor after the general election in 1978 and before January 2, 1979, as additional magistrates or to fill a vacancy under repealed [Sections] 482.010.3 or 482.020, in courts not under the nonpartisan court plan will complete the terms for which they were appointed December 31, 1980, and the persons elected to such offices at the November election in 1980 will serve the remainder of the term of the office ending December 31, 1982.
Id. at 5-6.
As discussed in Opinion No. 145, the term of office of associate circuit judges considered in that opinion ended December 31, 1982. Pursuant to Article V, Section 19 of the Constitution of Missouri, associate circuit judges serve terms of four years. The regular term of office of current associate circuit judges therefore ends December 31, 1994. Pursuant to Section 105.030, the associate circuit judges elected in November, 1992, in the five counties about which you inquire were elected to fill the unexpired portion of the term ending December 31, 1994. Therefore, the associate circuit judges so elected are elected to serve until December 31, 1994.
CONCLUSION
It is the opinion of this office that the associate circuit judges elected in November, 1992, to fill the judgeships created in 1991 under Section 478.320, RSMo 1986, because of an increase in a county's population serve the unexpired portion of a term ending December 31, 1994.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 145, Kirkpatrick, 1980