Calvin W. HAWKINS et al., Plaintiffs-
Appellants-Respondents,

v.

MISSOURI STATE EMPLOYEES' RETIRE-
MENT SYSTEM, Defendant-Re-
spondent-Appellant.

No. KCD 25983.

Missouri Court of Appeals,
Kansas City District.

Oct. 26, 1972.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 4, 1972.

Application to Transfer Denied
Jan. 8, 1973.

WASSERSTROM, Judge.

This declaratory judgment suit was brought by eight named plaintiffs as a class action on behalf of all official court reporters serving in the circuit courts and common pleas courts in Missouri. The plaintiffs and the class represented by them are referred to hereinafter as "Court Reporters". The object of their action is to obtain a declaration that they are entitled to participate in the Missouri State Employees' Retirement System, hereinafter referred to as "Retirement System". The Retirement System was established by statute in 1957, and it has consistently since that time refused to admit the Court Reporters to membership on the theory that the latter are not "employees" as defined by the statute.

The trial court held that the Court Reporters are entitled to participate in the Retirement System, but only to a limited extent. Both parties appealed to the Missouri Supreme Court. That Court, pursuant to subsequent motions by the parties and because of lack of jurisdiction, transferred the cause to this Court.

I

The principal position taken by the Retirement System continues to be, as it always has been, that the Court Reporters are not entitled to participate to any extent whatever in the Retirement System. This constitutes the main issue in this case. The denial by the Retirement System of any right of participation to the Court Reporters rests upon its contention that the Court Reporters do not qualify under the definition of "Employee" contained in § 104.310(15), [1] which provides as follows:

"'Employee', any elective or appointive officer or employee of the state who is employed by a department and earns a salary or wage in a position normally requiring the actual performance by him

Cullen Coil, Jefferson City, for appellants-respondents.

John C. Danforth, Atty. Gen., Jefferson City, B. J. Jones, Asst. Atty. Gen., for respondent-appellant.

1. All statutory references are to RSMo 1969, V.A.M.S.

of duties during not less than one thousand five hundred hours per year
* * *"

The Retirement System contends that a Court Reporter is neither "an employee of the state" nor "employed by a department".

A. Our first inquiry therefore must be whether a Court Reporter is an "employee of the State". In this connection, an analysis is in order of the statutory provisions which govern the Reporter's appointment, duties and manner of payment. § 485.040 provides that the judge of each circuit court and court of common pleas shall appoint an official Court Reporter for each court or each division of the circuit court, and such Court Reporter shall be a sworn officer of the court and shall hold office during the pleasure of the judge appointing him. § 485.050 specifies the duties of the Court Reporter, which consist of attending sessions of the court, taking stenographic notes of the evidence, and furnishing transcripts of the court proceedings. § 485.-055(1) further provides that the Court Reporter may be transferred from one circuit court or court of common pleas to another upon order of the Missouri Supreme Court. § 485.060 provides that the Court Reporter shall receive an annual salary of $12,000; and § 485.065 provides that of that salary, $6,500 is to be paid out of the county treasury, and $5,500 is to be paid out of the state treasury.

■ A review of these statutory provisions shows very clearly that the position of Court Reporter is closely identified with the circuit court or court of common pleas in which he is appointed. As specifically provided in § 485.040, the Court Reporter is an "officer of the court" and for purposes of present analysis stands in the same relationship to the State as the judge of the court who appointed him. The law of Missouri is now settled that circuit judges " 'are judges of the State of Missouri and not merely judges of the circuit in which they are elected or appointed' ". State ex rel. St. Louis County et al. v. Kirk-

patrick, Mo., 426 S.W.2d 72. Since the circuit judge is an officer or employee of the State, rather than of the County in which his court is located, so also it must follow that the Court Reporter appointed by him and who devotes his time exclusively to the circuit judge is also a "state employee".

Any possible doubt on this score would be removed by the provision for salary payment to the Court Reporter of "fifty-five hundred dollars out of the state treasury". § 485.065. It is interesting to point out that prior to 1955 no part of the Reporter's salary was paid by the State, but rather, all of the salary was paid by the County. The change in salary arrangement whereby the State did assume direct payment of at least a portion of the salary fortifies the conclusion that the Court Reporter has become an "employee of the state". Rider v. Julian, Banc, 365 Mo. 313, 282 S.W.2d 484, cited by the Retirement System, is actually authority against it in this respect.

Further evidence of the status of the Court Reporter as an "employee of the state" is found in the form of the checks received by him monthly accompanied by a "State of Missouri Employee Earnings Statement", on which is shown all of the payroll deductions usually made by an employer. In addition thereto, the earning statement in question includes an invitation to join the Missouri State Employees Credit Union which the statement says is "not for profit . . . but to serve the employees of the State of Missouri".

The Retirement System relies on the case State ex rel. Rucker v. Hoffman, Mo.App., 294 S.W. 429, for the proposition that a Court Reporter is a "County officer", rather than being "an employee of the State". That decision by a divided court is not in point, since it relates to a very specialized problem which has no bearing on the present question. Moreover, the case was decided at a time when the statutes were different.

We conclude that a Court Reporter is an "employee of the state".

B. The next question, as to which the Retirement System aids its heaviest barrage, is whether a Court Reporter is "employed by a department". The answer to this requires reference to the special definition of the term "department" contained in § 104.310(11):

> " 'Department', any department, institution, board, commission, officer, court or any agency of the state government receiving state appropriations including allocated funds from the federal government and having power to certify payrolls authorizing payments of salary or wages against appropriations made by the federal government or the state legislature from any state fund, or against trusts or allocated funds held by the state treasurer;"

The interpretation placed upon this definition by the Retirement System is that the circuit courts and courts of common pleas (which appoint, control and requisition the monthly pay with reference to the Court Reporters) do not qualify individually or collectively as a "department" because no appropriations are made directly to those courts. In support of that position, the Retirement System makes reliance upon the form of the appropriation bill, the most recent one of which up to the time of trial was introduced into evidence. This appropriation bill shows that $535,920 was appropriated "For Personal Service and expenses of the court reporters of circuit courts and courts of criminal corrections". However, the Retirement System emphasizes that this item is shown as appropriated *"To the Comptroller"*. The Retirement System contrasts this manner of appropriation to the way in which sums were appropriated to the appellate courts, which are shown as appropriated directly "to the Supreme Court", "to the Kansas City Court of Appeals", "to the St. Louis Court of Appeals", and "to the Springfield Court of Appeals". The Retirement System deduces from all this that the appellate courts constitute "departments" within the statutory definition, but that the circuit courts do not.

We find this argument strained and unpersuasive. If nothing else, it leaves out of account the title of the appropriation bill, which declares a purpose "To appropriate money to pay the salaries * * * of the civil officers and employees of the state, as follows: * * * the Judiciary * * *". Most certainly the circuit courts and the courts of common pleas of this State constitute part of "the Judiciary". There can be no possible doubt on this score in light of the Missouri Constitution, 1945, Article V, §§ 1, 14, 15 and 28, V.A.M.S. The title of the appropriations bill shows an intention to appropriate funds to the court system of this State as a single unified department of government; it constitutes a part of the statute and is entitled to consideration in the interpretation thereof. Bullington v. State, Mo., 459 S.W.2d 334, 1.c. 341; State ex rel. Agard v. Riederer, Mo.Banc, 448 S.W.2d 577, 1.c. 581; State ex rel. Lee American Freight System, Inc. v. Public Service Commission, Mo.Banc, 411 S.W.2d 190, 1.c. 194.

We need not speculate in order to come up with some explanation of why the appropriation bill deals somewhat differently with the appellate courts as compared with the trial courts. If such speculation were important, it would be a fair guess that the reason for the difference lies in the fact that each of the appellate courts is geographically compact with a single office and staff; whereas, the trial courts are scattered geographically throughout the State with no single central administrative head. Whatever the true explanation for this difference of administrative treatment in the appropriation bill, that is basically unimportant inasmuch as all these courts constitute part of "the Judiciary" referred to in the title. Moreover, each of these courts is a "court * * * receiving state appropriations" whether directly (in the

case of the appellate courts) or indirectly through the State Comptroller as their administrative conduit (in the case of the trial courts).

The Retirement system also invites us into an inquiry as to the reason why the legislature chose to require that participants be "employed by a department" in addition to the requirement that the participant must be an "employee of the State". We decline to launch into such speculation. It is sufficient to find, as we do, that Court Reporters meet the requirements of both those definitions.

## II

The Retirement System argues, as an alternative position, that if the Court Reporters are entitled to participation in the Retirement System at all, then they should not be entitled to any "prior membership credit". By this, the Retirement System means that the Court Reporters should not be permitted to be enrolled as of the date when the Retirement System commenced (or the subsequent date upon which a particular Court Reporter first began employment), but rather, that each Court Reporter must now be treated as a new entrant.

This position by the Retirement System flies in the teeth of the policy of the law that a court decision declaring a new legal proposition should normally have a retroactive effect. This proposition was very recently stated in Dickey v. Nations, Mo.App., 479 S.W.2d 208, l.c. 210, as follows:

"We are bound by the policy approved in Koebel v. Tieman Coal & Material Co., 337 Mo. 561, 85 S.W.2d 519, 524–525, where it was said that when 'former decisions are found to have approved an incorrect rule of general or substantive law, we have, in overruling such former cases, applied the correct rule in the case in which it is announced, and in doing so made it retroactive in effect, and have thereafter applied the correct rule in all cases coming before us, though in doing

so it operates retroactively.' This, because the ruling in the earlier cases 'never was the law and the case in hand is decided the same as if such overruled case[s] had never been written.' To the same effect, see Aronson v. Hercules Life Ins. Co., Mo.App., 131 S.W.2d 852, 857."

If a decision reversing prior decisions is entitled to retroactive effect, then *a fortiori* the instant decision which is written upon a clean slate would likewise operate retroactively.

The Retirement System attempts to suport a denial of prior membership credit by pointing to actuarial testimony, to the effect that existing members would be prejudiced and penalized if Court Reporters were permitted to come in on a retroactive basis and if the State should fail to make appropriations to cover past contributions due from the employer, together with interest thereon. The fallacy in this argument is that we cannot assume that the legislature will fail to make such appropriations. Coleman v. Kansas City, Missouri, 349 Mo. 255, 173 S.W.2d 572, l.c. 575; State ex rel. Rothrum v. Darby, 345 Mo. 1002, 137 S.W.2d 532, l.c. 543.

We conclude that the judgment of the trial court correctly provided for prior membership credit to the Court Reporters.

## III

The final question for consideration is posed by the Court Reporters' cross appeal, in which they ask that the judgment be modified so as to permit their entire salary to be taken into account for retirement computation, rather than simply that portion of the salary which has been paid from the State treasury. The Retirement System first objects on a procedural basis to any consideration being given to this point. An understanding of this objection requires a summary of the procedural background.

The original petition by the Court Reporters was in rather skeletal form. For

that reason the Retirement System filed a motion to require the petition to be made more definite and certain in various respects, particularly with regard to whether the Court Reporters claimed that their participation in the Retirement System was to be based upon their entire salary or solely on the part which had been paid out of the State treasury. In response to that motion, the Court Reporters filed a first amended petition in which they specified by their new prayer that they were asking for participation only on that portion of the salary which had been paid by the State treasury.

The judgment of the trial court was in accordance with the prayer contained in the amended petition. Thus, the Court Reporters got exactly what they had asked for. Matters stood in this posture until after time had expired within which the Court Reporters could have filed a timely motion for new trial or to amend the judgment. Thereafter, the Court Reporters did file a belated motion to amend the judgment to permit participation in the Retirement System to the extent of the entire salary received, regardless of whether paid by the State or County.

Under these circumstances, the Retirement System argues that the Court Reporters should not now be permitted to change the theory upon which they tried the case in the trial court, and further, that the cross appeal is barred because the Court Reporters failed to file a timely after trial motion.

■ Regardless of procedural technicalities involved, we rule that the Court Reporters' cross appeal should be heard under

Rule 79.04 in order to avoid manifest injustice. In re Duren (Guerry v. Hicks), Banc, 355 Mo. 1222, 200 S.W.2d 343; State v. Keiter, Mo., 394 S.W.2d 399; Rasco v. Rasco, Mo.App., 447 S.W.2d 10; Land Clearance for Redevelopment Authority v. Morrison, Mo.Banc, 457 S.W.2d 185. This exercise of discretion is dictated by the facts that no prejudice will result to the Retirement System and the plaintiffs constitute a substantial number of public servants (including Court Reporters appointed in the future who will become a member of the class) to whom the full beneficent provisions of the statute should be extended, if they are in fact entitled thereto.[2]

Turning to the merits of the cross appeal, the extent to which the Court Reporters are entitled to participate depends upon the proper construction of the term "compensation" as it is defined in § 104.310(9):

"'Compensation', all salary and wages payable out of any state, federal, trust, or other funds to an employee for personal services performed for the state;"

The key phrases in that definition for present purposes are "any * * * other funds" and "personal services performed for the state".

■ The analysis of the statutes pertaining to Court Reporters, hereinabove noted, as well as a consideration of the testimony concerning the matter of the work as actually performed, leaves no doubt but that Court Reporters perform and are paid for personal services to the State of Missouri. The statutory definition makes the matter of the services the important factor,

2. This disposition of the procedural aspects makes it unnecessary for us to pursue in this case what seems to be an interesting conflict between Fincher v. England, Mo.App., 463 S.W.2d 82, Hawkins v. Hawkins, Mo.App., 462 S.W.2d 818 and cases cited therein, on the one hand, in contrast to the decisions on the other hand in Russell v. Russell, Mo., 427 S.W.2d 471, Madget v. Jenkins, Mo., 461 S.W.2d 768, 1.c. 775, and Ward v. Johnson, Mo.App., 480 S.W.2d 104. The apparent conflict between the cases under Rules 79.03 and 73.01(c) has been noted previously in Haake v. Mo. Pacific R. R. Co., Mo.App., 443 S.W.2d 206, 1.c. 208. Those interested in this subject should consult "Appellate Review of Cases Tried by the Court Without a Jury", by Judge Laurence M. Hyde, 26 Journal of the Missouri Bar, p. 71.

and expressly states that the source from which the employee is paid shall not be deemed controlling. We deem the definition clear and unambiguous and to require all of the Court Reporters' compensation to be considered for the purpose of computing retirement, even though part of the salary is paid out of State funds and another part is paid out of County funds.

The Retirement System presents a labored effort to find some qualifications inherent in the above definition by reason of other definitions of other terms contained in § 104.310(11) and (15). Nevertheless, we find the definition contained in subsection (9) complete and free-standing in itself. Resort to the other definitions mentioned could only serve to create, not solve, an ambiguity, where none in fact exists.

■ The Retirement System also argues in this connection that the Court Reporters should not be covered to the full extent of the salaries under the State Retirement System, since they should qualify under the recently recreated Local Government Employee's Retirement System ("LAGERS") § 70.600. However, we have studied the definitions contained in § 70.600(8) and (10), and it appears that the Court Reporters would not meet coverage under LAGERS, since they render no services to the county or any other political subdivision. Moreover, even if it were possible to say that the Court Reporters could be covered under the State Retirement System to the extent of the salary paid by the State, and then covered under LAGERS to the extent of the salary paid by the County, any such solution would be cumbersome and pregnant with further problems. The retirement statutes should not be construed in such a way as to create unreasonable and unworkable results. 82 C.J.S. Statutes § 326, p. 622. Browder v. Milla, Mo.App., 296 S.W.2d 502, 1. c. 506; State ex rel. Slinkard v. Grebe, Mo.App., 249 S.W.2d 468.

We conclude that the judgment herein should be amended so as to substitute the following new paragraph 6:

"6. That the annual compensation of each official Court Reporter and the amount of salary to be taken into account as to each is the total salary he or she now or hereafter receives or has received each year for services as an official Court Reporter since the inception of the Missouri State Employees' Retirement System."

As so amended, the judgment is affirmed.

All concur.