Barbara M. HILL,
Claimant/Respondent,

v.

24TH JUDICIAL CIRCUIT,
Employer/Appellant,

and

Farmers Alliance Mutual Insurance
Company, Insurer/Appellant,

and

St. Francois County, Perry County, Ste.
Genevieve County, Washington County
and Madison County, Employers/Respondents,

and

Farmers Alliance Mutual Insurance Company, Optimum Ideal Mutual Insurance, U.S. Fidelity & Guaranty Company, American States Insurance Company and Employers Mutual Companies, Insurers/Respondents.

No. 54019.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 10, 1989.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
Feb. 8, 1989.

Application to Transfer Denied
March 14, 1989.

---

Clinton B. Roberts, Farmington, for appellants.

Virgil K. Rohrer, Farmington, for Barbara M. Hill.

Martha L. Goodloe, William J. Glaser, St. Louis, for Perry County and Optimum Ideal Ins. Co.

John P. Bradshaw, Cape Girardeau, for U.S. Fidelity & Guar. Co. and Ste. Genevieve County.

Robert L. Devoto, St. Louis, for Washington County and American States Ins.

Bradley V. Spaunhorst, David M. Kenyon, St. Louis, for Madison County and Employers' Mut. Co.

CRIST, Judge.

The 24th Judicial Circuit and its insurer, Farmers Alliance Mutual Insurance Company, appeal the finding by the Labor and Industrial Relations Commission (Commission) that the 24th Judicial Circuit was the employer of Barbara M. Hill, the claimant in this workers' compensation case. We affirm.

Claimant, while working as a house parent at the Juvenile Detention Center in Farmington, Missouri, suffered a work-related injury to her back. Claimant filed her claim for compensation originally naming the Juvenile Detention Center as her employer. Her claim was amended to list her employers as the 24th Judicial Circuit and the five counties which make up the same. All parties denied being the employer of claimant.

As second and third class counties, respondents maintained the detention center pursuant to Chapter 211, with each county paying a percentage of the costs of its operation in proportion to its population. §§ 211.331 and 211.341, RSMo 1986. Section 211.331.3 provides that for counties of the first and second classes "[t]he judge of the juvenile court shall appoint and fix the compensation and maintenance of the superintendent and of any assistants or other personnel required to operate the detention facility." This provision is adopted by reference in § 211.341.1. The 24th Judicial Circuit carried workers' compensation insurance for the detention center issued by appellant/insurer. The Commission found the 24th Judicial Circuit, and not each of the five counties individually, was claimant's employer.

Appellants first assert the commission erred in finding the insurance policy covered this claim because the 24th Judicial Circuit is not a separate political subdivision and the insurance policy did not cover the judicial branch of the State of Missouri.

The 24th Judicial Circuit exists as an integral part of the judicial branch of the State of Missouri, as set forth in the Missouri Constitution, Mo. Const. art. II, § 1; art. V, § 1. However, appellant's contention that the Commission's holding imposes a greater burden on the insurance company than it agreed to undertake is meritless. The insurer was held responsible to pay workers' compensation to an employee of the detention center located in the 24th

Judicial Circuit, the employer listed on the policy issued by insurer. This was precisely the duty disclosed by a clear reading of the insurance policy. Point I is denied.

■ The issue in this case is not whether claimant was entitled to workers' compensation. There is little doubt she is entitled to recover from someone. The conflict is between the insurance company for the 24th Judicial Circuit and the insurance companies for the counties as to where the responsibility to pay lies. *See Dickhaut v. Bilyeu Refrigeration Transport Corp.,* 441 S.W.2d 54, 56 (Mo.1969). Appellants assert the 24th Judicial Circuit is not a legal entity and it is the five counties collectively who are claimant's employers. If the counties are the joint employers of claimant, the counties, or their insurance companies if they are insured, would be jointly and severally liable to claimant with the right of contribution from each other in regard to their several liability pursuant to § 287.130, RSMo 1986.

In support of their argument, appellants make much of the fact that claimant was paid by the individual counties. She received her wages in separate checks from each county in percentages based upon that county's population.

■ It is true the counties are responsible for the salaries of detention facility personnel under §§ 211.331.3 and 211.341.-1, as well as the salaries of the other personnel of the judicial circuit, § 211.351, but payment alone does not create an employer-employee relationship. *Ellegood v. Brashear Freight Lines,* 162 S.W.2d 628, 634[6] (Mo.App.1942) (although payment of wages is a circumstance to look at in determining who the employer is, it is insufficient in itself to establish that fact). The Judicial Branch, because it lacks the power to tax, must rely on the Legislative Branch for funding. Mo. Const. art. X, § 1.

■ The factors to consider in determining whether an employer-employee relationship exists are whether the claimant was performing services for the alleged employer and whether the services were controllable by the alleged employer. *Shinuald v. Mound City Yellow Cab Co.,* 666 S.W.2d 846, 847[1] (Mo.App.1984).

Claimant was hired by Vivian Brooks, a Deputy Juvenile Officer for the 24th Judicial Circuit. Her duties were assigned and monitored by either Officer Brooks or George Boyd, the Chief Juvenile Officer of the 24th Judicial Circuit. No person from any of the individual counties had the authority to direct, supervise or instruct claimant in any aspect of her employment. She was working in a facility established and operated by the 24th Judicial Circuit. The power to terminate claimant's employment rested ultimately with Officer Boyd.

The inherent power of the juvenile court to control its employees has been recognized by the Missouri Supreme Court in *State ex rel. Weinstein v. St. Louis County,* 451 S.W.2d 99 (Mo. banc 1970) (hereinafter referred to as *Weinstein II* ), and *State ex rel. St. Louis County v. Edwards,* 589 S.W.2d 283 (Mo. banc 1979). In these cases, the court explicitly stated the authority to control the employees of the juvenile court must rest with the court itself and not the county to better enable the court to administer justice under the juvenile code. *Weinstein II,* 451 S.W.2d at 102[2]; *Edwards,* 589 S.W.2d at 289[3]. Both *Weinstein II* and *Edwards* clearly demonstrate that the judiciary is an independent political subdivision in exclusive control of its employees.

In view of the control asserted over every aspect of claimant's employment by the 24th Judicial Circuit, we find no error in the Commission's holding that she was an employee of the 24th Judicial Circuit and not an employee of the individual counties. We do not intend to imply the 24th Judicial Circuit would have been the employer, in lieu of the respondent counties, absent the workers' compensation insurance policy in its name.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.