James R. Moody, Commissioner Office of Administration State Capitol Building, Room 125 Jefferson City, Missouri 65101
Dear Commissioner Moody:
This opinion is in response to a question from your office asking:
 Which, if any, of the personnel of the juvenile courts should be considered state employees for purposes of the workers' compensation laws?
In the statement of facts accompanying this question, it is stated:
 With the exception of the juvenile officer, juvenile court employees are initially paid by the county(ies) in the judicial circuit. The state directly pays the salary of the juvenile officers. Senate Bill 622 of the 1988 legislative session establishes a comprehensive plan for state reimbursement to counties of the salaries of juvenile court personnel within prescribed limits. Salaries for purposes of calculations under that legislation do not include fringe benefits. Juvenile court personnel are hired and supervised (directly or indirectly) by circuit court judges of the juvenile division who themselves are state employees.
Section 211.351, RSMo 1986, provides for the appointment of juvenile court personnel:
 211.351. Juvenile officers, appointment — costs paid, how. — 1. The juvenile court shall appoint a juvenile officer and other necessary juvenile court personnel to serve under the direction of the court in each county of the first and second class and the circuit judge in circuits comprised of third and fourth class counties
 (1) May appoint a juvenile officer and other necessary personnel to serve the judicial circuit; or
 (2) Circuit judges of any two or more adjoining circuits may by agreement, confirmed by judicial order, appoint a juvenile officer and other necessary personnel to serve their respective judicial circuits and in such a case the juvenile officers and other persons appointed shall serve under the joint direction of the judges so agreeing.
 2. In the event a juvenile officer and other juvenile court personnel are appointed to serve as provided in subdivisions (1) and (2) of subsection 1, the total cost to the counties for the compensation of these persons shall be prorated among the several counties and upon a ratio to be determined by a comparison of the respective populations of the counties.
Section 211.393, RSMo 1986, provided for payment of salaries and expenses of all juvenile court personnel from city or county funds with the exception of the juvenile officer; that position was funded by the State of Missouri.
 211.393. State to pay salary of full-time juvenile officer — not limit on total compensation — salaries and expenses in certain counties prorated — state to reimburse county, when. — 1. The salaries and expenses of all juvenile court personnel in circuits composed of a single county of the first or second class and in the city of St. Louis are payable monthly out of county or city funds, as the case may be, except that the salary of the juvenile officer of any such circuit in which he is engaged full time is payable in installments, as provided by law, by the state of Missouri, but not to exceed the annual sum provided pursuant to section 211.381. Such annual salary shall be modified by any salary adjustment provided pursuant to section 476.405, RSMo, and is not a limit of the total compensation paid by such county or city or by counties of the second class in circuits composed of two counties of the second class. The payment by the state of Missouri shall be made to either the juvenile officer, or to the county or the city of St. Louis.
 2. In circuits composed only of counties of the third and fourth class, and in circuits containing two or more counties, one of which is a first or second class county, the salaries and expenses are payable monthly out of the county funds and prorated among the several counties served upon a ratio determined by a comparison of the respective populations of the counties involved; except that, the salary of the juvenile officer of any such circuit in which he is engaged full time is payable in installments, as provided by law, by the state of Missouri, but not to exceed the annual sum provided pursuant to section 211.381. Such annual salary shall be modified by any salary adjustment provided pursuant to section 476.405, RSMo.
 3. The amount of salaries paid by the county in the preceding calendar year pursuant to sections 211.381 and 476.405, RSMo, or the amount of salaries paid by a first class charter county in excess of the amount paid by the first class charter county in the calendar year 1982 and section 476.405, RSMo, in excess of the amount paid by the county in calendar year 1982 shall be reimbursed by the state not later than July fifteenth of each year. [Emphasis added.]
House Substitute for Senate Committee Substitute for Senate Bill No. 622, 84th General Assembly, Second Regular Session (1988), significantly amended Section 211.393 to provide state funding for additional juvenile court personnel. Section211.393, RSMo Supp. 1988, provided as follows:
 211.393. State to pay juvenile officers, limitation — state to reimburse salaries of all other juvenile court personnel — phase — in program how computed — limitation — audit authorized. — 1. The salaries and expenses of all juvenile court personnel in circuits composed of a single county of the first or second class, in any circuit in which one county is a first class county, and in the city of St. Louis are payable monthly out of county or city funds, as the case may be, except that the salary of the juvenile officer of any such circuit in which he is engaged full time is payable in installments, as provided by law, by the state of Missouri, but not to exceed the annual sum provided pursuant to section 211.381. The payment by the state of Missouri shall be made to either the juvenile officer, or to the county or the city of St. Louis.
 2. In circuits, other than those specified in subsection 1 of this section, the salaries and expenses are payable monthly out of the county funds and prorated among the several counties served upon a ratio determined by a comparison of the respective populations of the counties involved; except that, the salary of the juvenile officer of any such circuit in which he is engaged full time is payable in installments, as provided by law, by the state of Missouri, but not to exceed the annual sum provided pursuant to section 211.381.
 3. In any circuit specified in subsection 2 of this section, the state shall, beginning on August 13, 1988, reimburse to the counties of the circuit the salary of a chief deputy juvenile officer and one deputy juvenile officer, class 1. The salaries of such officers, as provided in subsections 1, 2, and 3 of section 211.381, shall be reimbursed to the counties of the circuit by the state of Missouri.
 4. In addition to any amount paid pursuant to subsection 1 of this section, the state shall also reimburse, subject to appropriations, the following percentages of the salaries of all other juvenile court personnel, excluding fringe benefits:
* * *
 6. The term "salaries of all juvenile court personnel excluding fringe benefits" for which the state will reimburse the counties at the percentages specified in this section means the salary provided in subsections 1, 2, and 3 of section 211.381 for a chief deputy juvenile officer and one deputy juvenile officer, class 1, and all other full-time juvenile court personnel included in the initial county budget for calendar year 1988, but excluding all fringe benefits for such personnel. Each county shall file a copy of its initial 1988 budget with the office of administration. The office of administration shall submit the information from the budgets relating to full-time juvenile court personnel from each county to the general assembly. Increases in salary of such full-time juvenile court personnel may be made and paid by the various counties, but, except for the salary of a chief deputy juvenile officer and one deputy juvenile officer, class 1, where authorized, the state shall not reimburse the counties for such increases beyond the number of full-time juvenile court personnel authorized in initial county budgets for calendar year 1988, at the salary levels authorized in such budgets that are paid by the state plus any adjustments provided in subsections 2 and 3 of section 211.381, unless an appropriation for such increased reimbursement is requested from the office of administration and made by the general assembly as separate, identifiable appropriation line items. All appropriations shall conform to the percentages specified in this section. All state funds for reimbursement of counties paid pursuant to the provisions of this section shall be used only for juvenile court personnel salaries and for no other purpose.
 7. The state auditor may audit any county or judicial circuit to verify compliance with the requirements of subsections 4 to 6 of this section, including an audit of the 1988 budget of any county. [Emphasis added.]
Section 211.393 was again amended by Conference Committee Substitute for Senate Substitute for House Committee Substitute for House Bills Nos. 502, 503 130, 85th General Assembly, First Regular Session (1989), and now reads as follows:
 211.393. State to pay juvenile officers, limitation — state to reimburse salaries of all other juvenile court personnel — phase-in program how computed — limitation — audit authorized. — 1. The salaries and expenses of all juvenile court personnel in circuits composed of a single county of the first class, in any circuit in which one county is a first class county, and in the city of St. Louis are payable monthly out of county or city funds, as the case may be, except that the salary of the juvenile officer of any such circuit in which he is engaged full time is payable in installments, as provided by law, by the state of Missouri, but not to exceed the annual sum provided pursuant to section 211.381. The payment by the state of Missouri shall be made to either the juvenile officer, or to the county or the city of St. Louis.
 2. In circuits, other than those specified in subsection 1 of this section, the salaries and expenses are payable monthly out of the county funds and prorated among the several counties served upon a ratio determined by a comparison of the respective populations of the counties involved; except that, the salary of the juvenile officer of any such circuit in which he is engaged full time is payable in installments, as provided by law, by the state of Missouri, but not to exceed the annual sum provided pursuant to section 211.381.
 3. In any circuit specified in subsection 2 of this section, the state shall, beginning on August 13, 1988, reimburse to the counties of the circuit the salary of a chief deputy juvenile officer and one deputy juvenile officer, class 1. The salaries of such officers, as provided in subsections 1, 2, and 3 of section 211.381, shall be reimbursed to the counties of the circuit by the state of Missouri.
 4. In addition to any amount paid pursuant to subsection 1 of this section, the state shall also reimburse, subject to appropriations, the following percentages of the salaries of all other juvenile court personnel, excluding fringe benefits:
* * *
 If a circuit is comprised of more than one county, any request for reimbursement shall also include a statement in a form as prescribed by the commissioner of administration to indicate how much of the reimbursable expenses of the juvenile court were paid by each county in the circuit.
 5. The last reimbursement for salary increases under subsection 3 of this section as it existed immediately prior to August 13, 1988, shall be made for the period ending on December 31, 1988. After January 1, 1989, reimbursement shall be made to the counties for their actual personnel expenditures under the provisions of this section for each calendar year however, no county shall receive any reimbursement in an amount less than the amount received by such county or the amount the county was entitled to receive, whichever was greater, for the period ending on December 31, 1988. The office of administration shall make payment for the reimbursement from appropriations made for that purpose on or before July fifteenth of each year following the calendar year in which the salaries were paid. If more than one county contributed to the expenses of a juvenile court, each of such counties shall be reimbursed in the same proportion as its contribution.
 6. The term "salaries of all juvenile court personnel excluding fringe benefits" for which the state will reimburse the counties at the percentages specified in this section means the salary provided in subsections 1, 2, and 3 of section 211.381 for a chief deputy juvenile officer and one deputy juvenile officer, class 1, and all other full-time juvenile court personnel included in the initial county budget for calendar year 1988, but excluding all fringe benefits for such personnel. Each county shall file a copy of its initial 1988 budget with the office of administration. The office of administration shall submit the information from the budgets relating to full-time juvenile court personnel from each county to the general assembly. Increases in salary of such full-time juvenile court personnel may be made and paid by the various counties, but, except for the salary of a chief deputy juvenile officer and one deputy juvenile officer, class 1, where authorized, the state shall not reimburse the counties for such increases beyond the number of full-time juvenile court personnel authorized initial county budgets for calendar year 1988, at the salary levels authorized in such budgets that are paid by the state plus any adjustments provided in subsections 2 and 3 of section 211.381, unless an appropriation for such increased reimbursement is requested from the office of administration and made by the general assembly as separate, identifiable appropriation line items. All appropriations shall conform to the percentages specified in this section. All state funds for reimbursement of counties paid pursuant to the provisions of this section shall be used only for juvenile court personnel salaries and for no other purpose.
 7. The state auditor may audit any county or judicial circuit to verify compliance with the requirements of subsections 4 to 6 of this section, including an audit of the 1988 budget of any county. [Emphasis added.]
Given this statutory framework, with respect to juvenile officers it is necessary to determine whether, within the context of workers' compensation law, an employer-employee relationship exists between the State of Missouri and juvenile officers. Responsibility for salaries is recognized as a relevant factor, "but payment alone does not create an employer-employee relationship." Hill v. 24th JudicialCircuit, 765 S.W.2d 329, 331 (Mo.App. 1989). The factors to consider in deciding if an employer-employee relationship exists are "whether the claimant was performing services for the alleged employer and whether the services were controllable by the alleged employer." Id.
In Hawkins v. Missouri State Employees' RetirementSystem, 487 S.W.2d 580 (Mo.App. 1972), the Court of Appeals faced a similar question when it was asked to determine whether court reporters were state employees entitled to participate in the Missouri State Employees' Retirement System. The court opined:
 the Court Reporter is an "officer of the court" and for purposes of present analysis stands in the same relationship to the State as the judge of the court who appointed him. The law of Missouri is now settled that circuit judges "`are judges of the State of Missouri and not merely judges of the circuit in which they are elected or appointed.'" . . . [citation omitted]. Since the circuit judge is an officer or employee of the State, rather than of the County in which his court is located, so also it must follow that the Court Reporter appointed by him and who devotes his time exclusively to the circuit judge is also a "state employee".
Id., 487 S.W.2d at 582.
However, the final deciding factor in the court's analysis was a statutory change making the state responsible for reimbursement of part of the salary of court reporters. "The change in salary arrangement whereby the State did assume direct payment of at least a portion of the salary fortifies the conclusion that the Court Reporter has become an `employee of the state'." Id.
In Attorney General Opinion No. 281, Volkmer, 1974, a copy of which is enclosed, this office applied the analysis ofHawkins, supra, to the question of whether juvenile officers and deputy juvenile officers are entitled to participate in the Missouri State Employees' Retirement System. We concluded:
 a juvenile officer is entitled to membership and prior membership credit in the Missouri State Employees' Retirement System. However, it is our view that the situation as to deputy juvenile officers
is different. . . . The reason being that Section 211.393 does not provide that these individuals are to be paid by the state. [Emphasis in original.]
Id., p. 5.
Similarly, in Cates v. Webster, 727 S.W.2d 901 (Mo. banc 1987), a case involving eligibility of a circuit court bailiff for coverage under the State Legal Expense Fund, the Missouri Supreme Court recognized:
 the Attorney General's office has represented those persons holding positions within the circuit court level of the judicial system whose salaries and fringe benefits are provided from state funds. These have included circuit judges, circuit clerks, deputy circuit clerks, court reporters for circuit courts, and juvenile officers. On the other hand the Attorney General has refused to represent those not compensated from state funds, such as deputy juvenile officers. . . . [Emphasis added.]
Id., 727 S.W.2d at 903.
The court concluded that Missouri statutes, using Section483.083 concerning compensation of circuit clerks as an example, "exhibit a legislative intent, in apportioning duties and liabilities between the state and counties, to consider as state employees those judicial personnel paid by the state and to consider as nonstate employees those judicial personnel paid by the county." Id., 727 S.W.2d at 905-906. Therefore, although the circuit court bailiff was controlled exclusively by the circuit court, the Missouri Supreme Court concluded he was a county, rather than state, employee since his position was wholly funded by the county. Id. at 907.
Based upon the foregoing, we conclude that a juvenile officer, whose salary is wholly funded by the State of Missouri, as provided in Section 211.393, is a state employee for purposes of the workers' compensation laws.
However, a different conclusion must be reached for the chief deputy juvenile officer and one deputy juvenile officer, class 1, despite the funding provided for in Section 211.393.3, and the other court personnel partially funded by the State pursuant to Section 211.393.4. Section 211.393.6, defines the term "`salaries of all juvenile court personnel excluding fringe benefits' for which the state will reimburse the counties" as "the salary provided in subsections 1, 2, and 3 of section211.381 for a chief deputy juvenile officer and one deputy juvenile officer, class 1, and all other full-time juvenile court personnel included in the initial county budget for calendar year 1988, but excluding all fringe benefits for suchpersonnel." [Emphasis added.]
Legislative intent should be ascertained from the language used, considering words in their plain and ordinary meaning.Metro Auto Auction v. Director of Revenue, 707 S.W.2d 397, 401
(Mo. banc 1986). Websters' New World Dictionary, Second College Edition, defines "fringe benefit" as "a payment other than wages or salary made to an employee, as in the form of a pension, vacation, insurance, etc." Although Section 211.393 provides state reimbursement toward salaries of other juvenile court personnel, such section specifically excludes all fringe benefits for such personnel. We conclude that the legislature intended that the State's contribution be limited to salary of juvenile court personnel other than the juvenile officer. Therefore, other juvenile court personnel are not state employees for the purposes of the workers' compensation laws.
CONCLUSION
It is the opinion of this office that juvenile officers, appointed pursuant to Section 211.351, RSMo 1986, and funded by the State of Missouri pursuant to Section 211.393, RSMo Supp. 1989, are state employees for purposes of the workers' compensation laws; however, other juvenile court personnel are not state employees for purposes of the workers' compensation laws.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 281, Volkmer, 1974