James R. Moody, Commissioner Office of Administration State Capitol Building, Room 125 Jefferson City, Missouri 65101
Dear Commissioner Moody:
This opinion is in response to your questions asking:
 1. Are "Vending Facility Managers" of the Bureau for the Blind "employees" of the State for worker's compensation purposes — thus requiring worker's compensation coverage under the State plan?
 2. Are employees of Vending Facility Managers "employees" of the State for worker's compensation purposes — thus requiring worker's compensation coverage under the State plan?
In the statement of facts accompanying your questions you state:
 The Division of Family Services (DFS), through its Bureau for the Blind (BOB), cooperates with the federal government under the Randolph-Sheppard Act, and offers various restaurant/food/snack vending service outlets throughout the State. These vending services are typically located in a government building; are run by a "blind eligible" manager . . . and can vary from a simple cigarette stand up to a complete cafeteria/restaurant.
 This entire enterprise is commonly called the "Business Enterprise Program" of the Division of Family Services and is administered pursuant to the Randolph-Sheppard Act [P.L. 74-732, as amended by P.L. 83-565 and P.L. 93-516, 20 U.S.C. § 107 et seq.]; 34 CFR 395; 34 CFR 361.50
. . . ; Section 8.700 et seq. RSMo; and 13 CSR 40-91.010 . . . .
 To facilitate operational functioning of the various facilities, DFS/BOB has caused a not-for-profit corporation to be formed called the "Business Opportunities for the Missouri Blind, Inc." (BOMB) which in turn is responsible for the fiscal operations of the facilities. . . .
 Typically, DFS/BOB either leases or receives a permit to put a vending service into a building. DFS/BOB trains eligible blind Vending Facility Managers to run the installation . . . , then along with BOMB enters into a contract with that manager for said operation. Said agreements are typically short, but fully incorporate all the above cited laws which are specific and very detailed. . . . DFS will usually be the lessee or licensee/permit holder, for the physical facility involved.
* * *
Section 287.020, RSMo 1986, defines the word "employee" for workers' compensation purposes.
 287.020. Definitions. — 1. The word "employee" as used in this chapter shall be construed to mean every person in the service of any employer, as defined in this chapter, under any contract of hire, express or implied, oral or written, or under any appointment or election, including executive officers of corporations. . . .
* * *
Section 287.030.1(2), RSMo Supp. 1990, includes the State of Missouri as an "employer."
Whether an employer-employee relationship exists under the workers' compensation law is established by proof of two ultimate facts: (1) the claimant was in the service of the employer; and (2) said services were controllable by the employer. Shinuald v. Mound City Yellow Cab Company,666 S.W.2d 846, 847 (Mo.App. 1984). See also Hill v. 24thJudicial Circuit, 765 S.W.2d 329, 331 (Mo.App. 1989). "The cases hold that while payment of wages is a circumstance which may aid in determining who is the employer, such payment of itself is insufficient to establish that fact. It is merely useful in determining who has the power of control, which latter is the controlling consideration." Ellegood v. BrashearFreight Lines, 162 S.W.2d 628, 634 (St. L. Ct. App. 1942). "[W]hen the evidence shows that a person to whom a service is rendered has a right to control the performance of the person who renders the service, the relationship of employer and employee is essentially established." Miller v. HirschbachMotor Lines, Inc., 714 S.W.2d 652, 657 (Mo.App. 1986). [Court's emphasis.]
Within this framework, it is necessary to examine the provisions governing operations of vending facilities to determine whether an employer-employee relationship exists between the State of Missouri and the facility managers. Rule13 CSR 40-91.010 establishes the guidelines for administration of the Business Enterprise Program of the Division of Family Services/Bureau for the Blind [hereinafter referred to as the Bureau] as mandated by the Randolph-Sheppard Act. The Bureau is defined in 13 CSR 40-91.010(2) (D) as "the unit within the Division of Family Services that administers the Business Enterprise Program." The responsibilities of the Bureau are set out in 13 CSR 40-91.010(4). This rule provides:
 (4) Responsibilities of the Bureau. The bureau, as designated by the SLA [state licensing agency], shall carry out the following activities in the administration of the BEP:
 (A) The bureau shall establish vending facilities on federal, state or other property. The Randolph-Sheppard Act, as amended through 1974, authorizes the bureau to establish vending facilities on federal property. Section 8.051, RSMo (Cum. Supp. 1990) and 8.700-8.745, RSMo (1986) authorize the bureau to establish vending facilities on state property. The bureau establishes vending facilities on other public or private property at the request of the public or private entity responsible for management of the property;
 (B) The bureau shall provide to each manager consultation and advice for developing sales techniques, merchandising and general operating of the vending facility, purchasing procedures, managerial methods or procedures to promote financial success, appearance of vending facility and required reporting procedures;
 (C) The bureau may act as liaison between the manager and property management, suppliers and patrons;
* * *
Subsection (8) establishes the procedures used by the Bureau in training vending facility managers. The Bureau provides the cost of training with vocational rehabilitation case service funds. 13 CSR 40-91.010(8) (A). Upon successful completion of training, "the bureau awards to the trainee a Certificate of Training that certifies the person is qualified to be licensed as a vending facility manager".13 CSR 40-91.010(8)(C)2. If a person licensed as a manager has not participated in the Business Enterprise Program for a period of three years, the state licensing agency may terminate the manager's license. 13 CSR 40-91.010(9) (B). At any time, the Deputy Director of the Bureau can require an evaluation or additional training of active managers if the Bureau determines that a manager is not performing at a satisfactory level.13 CSR 40-91.010(8) (C)3. The Deputy Director of the Bureau is also authorized to require a comprehensive medical examination, including a psychological examination, to determine the ability of a licensee to continue as a manager. Id. Persons who successfully complete the manager training requirements are licensed by the Bureau. 13 CSR 40-91.010(9).
Pursuant to 13 CSR 40-91.010(11) (E), the Bureau determines the equipment needs and furnishes all equipment for a vending facility. A vending facility manager is not authorized to purchase equipment unless the Bureau has given its prior written authorization. Id. The Bureau is responsible for maintaining equipment. 13 CSR 40-91.010(11) (E)3. When a vending facility manager becomes aware of the need for repair or replacement, he is required to notify the Bureau. Id. The Bureau then decides whether repair or replacement is needed. The manager is required to pay for any equipment repair that was not authorized by the Bureau. Id.
Rule 13 CSR 40-91.010(11) (J) requires the Bureau to inspect vending facilities at least once every two months. Rule13 CSR 40-91.010(11) (O)1 authorizes the Bureau and property management to establish the days and hours of operation of a vending facility. The manager cannot subcontract the facility without the Bureau's prior written approval. Id. The manager is required to notify the Bureau of absences due to illness or disability 13 CSR 40-91.010(11) (O)2. If the facility manager is absent from work for more than thirty days in succession because of an illness, the Bureau is authorized to request all medical information regarding the manager's condition.13 CSR 40-91.010(11) (O)3. The vending facility manager is required to notify the Bureau of any vacation he intends to take.13 CSR 40-91.010(11) (O)4.
Rule 13 CSR 40-91.010(11) (Q) requires a vending facility manager to keep daily and weekly records and upon request make these available to the Bureau and to BOMB.13 CSR 40-91.010(11) (Q) 1 and 2. On a monthly basis, BOMB will furnish to the manager a report on the vending facility. This report will include the vending facility sales and expenses and the amount the manager must submit to BOMB for administrative fees, sales taxes and insurance. 13 CSR 40-91.010(11) (Q)3. Rule13 CSR 40-91.010(16) authorizes the Bureau to suspend or terminate a license and a manager's agreement.
Based on the foregoing, we conclude that the Bureau has the power of control over the vending facility managers and their operations to a sufficient extent to create an employer-employee relationship. In reaching this conclusion, we are aware of the terms of the "Nominee Agreement Between Missouri Division of Family Services, State Licensing Agency under Randolph-Sheppard Act and Business Opportunities for the Missouri Blind, Inc.," a copy of which is attached hereto as "Exhibit A". This agreement sets out the responsibilities of BOMB and the Division of Family Services in administering the Business Enterprise Program. As stated on pages 2 and 3 of the agreement, the Bureau has responsibility for providing supervision and direction to BOMB in the day-to-day performance of BOMB's responsibilities; developing and maintaining business relationships with lessors, building managers, and sources of supply; securing locations and any licenses or permits for the continued operation of the Business Enterprise Program; reporting to BOMB for its consideration any action or plans concerning the business or financial operation of the Business Enterprise Program; and most importantly, for selecting, placing and transferring qualified, trained managers. Vending facility managers can be terminated only after "a full evidentiary hearing before the Director of the Division of Family Services."
We conclude that the Bureau has responsibility for and control of vending facility managers. While BOMB assists in carrying out the Business Enterprise Program, its role lacks sufficient control for it to be deemed the employer of a vending facility manager. Therefore, in answer to your first question, we conclude the vending facility managers of the Bureau are employees of the state for workers' compensation purposes.[1]
Your second question asks whether employees of vending facility managers are also "employees" of the state for workers' compensation purposes. Rule 13 CSR 40-91.010(11) (C) provides that a vending facility manager may consult with the Bureau regarding the number of employees the manager will hire. Rule13 CSR 40-91.010(11) (C)2 provides:
 2. Subject to applicable laws, regulations and this rule, the manager shall make all personnel decisions, including hiring and termination, employee wages, benefits and working conditions.
In Hawkins v. Missouri State Employees' RetirementSystem, 487 S.W.2d 580 (Mo.App. 1972), the Court of Appeals faced a similar question when it was asked to determine if court reporters were state employees entitled to participate in the Missouri State Employees' Retirement System. The court opined:
 [T]he Court Reporter is an "officer of the court" and for purposes of present analysis stands in the same relationship to the State as the judge of the court who appointed him. The law of Missouri is now settled that circuit judges "`are judges of the State of Missouri and not merely judges of the circuit in which they are elected or appointed'". [Citation omitted.] Since the circuit judge is an officer or employee of the State, rather than of the County in which his court is located, so also it must follow that the Court Reporter appointed by him and who devotes his time exclusively to the circuit judge is also a "state employee".
Id., 487 S.W.2d at 582.
Based on the Hawkins decision, we conclude that employees of vending facility managers must also be considered state employees for workers' compensation purposes.
CONCLUSION
It is the opinion of this office that (1) vending facility managers of the Division of Family Services/Bureau for the Blind are employees of the state for workers' compensation purposes; and (2) employees of vending facility managers are employees of the state for workers' compensation purposes.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Attachment
[1] We note that pursuant to 13 CSR 40-91.010(11) (K):
 The nominee [BOMB], with consultation from the executive committee and as directed by the bureau,
shall obtain product liability, general liability and Worker's Compensation insurance for all vending facilities. The nominee shall include on each manager's monthly report a billing for the manager's proportionate share of the premium. The manager shall participate in the insurance program and shall pay to the nominee [BOMB] the amount included on the monthly report. [Emphasis added.]
The purchase of insurance by BOMB does not affect our conclusion because of the control of the vending facility managers by the Bureau.
 NOMINEE AGREEMENT BETWEEN MISSOURI DIVISION OF FAMILY SERVICES, STATE LICENSING AGENCY UNDER RANDOLPH-SHEPPARD ACT AND BUSINESS OPPORTUNITIES FOR THE MISSOURI BLIND, INC.
This agreement entered into this 5th day of December, 19 83,
by and between the Missouri Division of Family Services, State Licensing Agency, hereinafter referred to as the SLA, and Business Opportunities for the Missouri Blind, Inc., hereinafter referred to as the Nominee, a nonprofit corporation organized and operating under the law of Missouri with headquarters at Jefferson City, Missouri.
WITNESSETH:
WHEREAS, the SLA has been designated by the United States Department of Education, as the Missouri State Licensing Agency under the Randolph-Sheppard Act and has under that designation and the law of the State, primary authority and full responsibility for the administration and operation of all phases of the Randolph-Sheppard vending facility program hereinafter referred to as the B.E.P.; and
WHEREAS, the SLA desires to perform certain of its functions in the administration of the Randolph-Sheppard vending facility program by means of services and facilities that can be provided by the Nominee; and
WHEREAS, the Nominee has the expertise and the capacity to perform the certain functions in the administration of the Randolph-Sheppard vending facility program in the State which the SLA desires the Nominee to undertake; and
WHEREAS, the Nominee is willing to undertake the performance of the said certain functions; and
WHEREAS, it is found and deemed to be in the interest of the economical and efficient administration of the Randolph-Sheppard vending facility program in the State for the Nominee to perform the said certain functions;
Exhibit A
NOW, THEREFORE, in consideration of the premises, it is mutually agreed as follows:
The Nominee shall:
 A. Collect and promptly deposit in designated banks an administrative fee as specified in 13 CSR 40-91.010 based on the net profit from direct sales and receipts from vending machine commissions and disburse these "set aside funds" as defined in 20 USCA, Section 107b, and regulations duly promulgated thereunder as directed by SLA for the following purposes: a fair minimum return program, maintenance and replacement of equipment, management services, purchase of new equipment, retirement fund, health insurance, sick leave, and vacation pay. No other set aside funds will be collected except as specified in this agreement.
 B. Maintain records which accurately reflect all transactions made by the corporation and agrees that its books and records reflecting all transactions shall be subject to such audits as the SLA may direct.
C. Perform other duties required by the Randolph-Sheppard Act.
 D. Inasmuch as the right, title, and interest of the State Agency to program assets are vested in the Business Opportunities for the Missouri Blind, Inc., the corporation agrees to hold such right, title, and interest only as the Nominee of the State Agency and take such steps as may be necessary to defend and maintain the State Agency's paramount right, title, and interest to such assets.
The SLA shall:
 A. Provide supervision and direction to Nominee office personnel in the day-to-day performance of the Nominee's responsibilities as herein defined and provide inservice training for such personnel.
 B. Develop and maintain satisfactory business relationships with lessors, building managers, and sources of supply.
 C. Secure locations and any licenses or permits necessary for the continued operation of the Business Enterprise Program.
 D. Report to the Nominee, for its consideration, any action or plans concerning the business or financial operation of the B.E.P.
 E. Shall select, place, and transfer qualified, trained managers. These managers shall be terminated only after being provided the opportunity for a full evidentiary hearing before the Director of the Division of Family Services, as provided under the SLA rules and regulations.
This agreement shall be in effect to the end of the State of Missouri's fiscal year in which it is executed. Thereafter, it will be automatically renewed for one year intervals unless it is terminated by either party after a six month's written notice to the other party, provided that satisfactory financial settlement has been made for outstanding indebtedness to either party.
If upon termination of this agreement the Nominee, or the SLA, no longer desires to participate in the Randolph-Sheppard vending facility program or a program of similar nature, the assets of the Nominee shall revert as provided in the Nominee Constitution and By-Laws for use by the Nominee as stated therein.
Missouri Division of Family Services
 by: __________________________________________ State Agency Director
 Missouri Department of Social Services
 by: _____________________________________ Director
 Business Opportunities for the Missouri Blind,
 by: __________________________________Inc. President
 by: _____________________________________ Secretary